## FRANK SANDERS V. THE STATE.

### No. 1700. Decided November 17, 1897.

**1. Theft—Owner's Consent—Charge.**

On a trial for theft of money, where it was admitted by the prosecution that defendant obtained possession of the money by consent of the owner, an instruction in the charge of the court, that if defendant obtained the money without the consent of the owner they would convict, was erroneous.

**2. Same.**

A charge of the court is erroneous which authorizes a conviction if the money was obtained by defendant through some "false pretext;" when there was no testimony in the case that suggested, in the remotest degree, that defendant resorted to any pretext, false or otherwise, to obtain possession of the money.

**3. Evidence—Best Evidence.**

Where the defendant introduced in evidence a certain petition filed by the prosecutor for the recovery of the money, it was not error to refuse to permit the prosecuting witness to testify in regard to the allegations in his petition. The petition was the best evidence of its contents, and defendant, by its introduction, had the benefit of all that it contained.

APPEAL from the District Court of Bexar. Tried below before Hon. T. F. SHIELDS, Special Judge.

Appeal from a conviction for theft of money over the value of $50; penalty assessed, two years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*Edward Dwyer*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of the theft of money. over the value of $50, and his punishment assessed at two years in the penitentiary; hence this appeal.

He was charged with the theft of $89 in money, the property of Francisco O'Choa. The indictment is in the usual form, charging theft.

The State's testimony, in substance, discloses that defendant and his uncle (O'Choa), the alleged owner, went to the office of the attorneys of O'Choa, to have a settlement with them in reference to some money they had recovered in his favor from the railroad company. They paid him $154, which he took, and was holding in his left hand, when the defendant reached over, and took it, and, upon being requested to return it, promised to do so as soon as they reached the foot of the stairs. Upon reaching that point, he suggested that O'Choa should buy himself a suit of clothes. This was agreed to, and the suit bought, defendant paying for. it out the money of O'Choa. O'Choa again demanded the money, and was refused. They then went to Newton's saloon, where he again demanded the money, and was again refused. This was just before noon. About 2 o'clock, the same day, O'Choa returned to Newton's saloon, and demanded of appellant his money. Appellant presented his pistol at O'Choa, who challenged him to shoot. Defendant did not shoot, however; and, in returning the pistol to his person, it was discharged, and was then thrown or fell upon the floor. Appellant was thereafter arrested for the theft. The defendant proved by the attorneys who paid the money to O'Choa, as well as by Dignowitty, that, when they paid O'Choa the money he (O'Choa) at once handed it to appellant, with a request that he keep it for him until called for. The defendant himself and a gambler named Coy testified that at the saloon, in the evening, when O'Choa rturned there, the defendant offered to turn the money. back to O'Choa, who declined it. The defendant insisted that he should take the money, saying that he might get drunk and gamble it off, that being his occupation. The money was gambled off by appellant. There was evidence of the fact that a suit had been instituted in one of the district courts of Bexar County, by O'Choa, against the owners of the saloon, to recover from them this money, which was gambled off in their saloon. Among other things in said petition, it was alleged that appellant was holding this money for him (O'Choa); that he had intrusted the custody and care of said money to the appellant (his nephew) for safe keeping, with the understanding and agreement, between appellant and O'Choa, that said sum of money was to be safely kept by appellant, and returned to O'Choa at his request. It was admitted by the district attorney in open court that the money charged to have been stolen came lawfully into the defendant's possession. This is, in substance, the evidence in the case.

The court charged the jury "that if the defendant obtained the money without the consent of the owner, or with his consent, as hereinafter explained,   \*   \*   \*   they would convict," etc. Exception was reserved to this charge, because the testimony did not warrant a charge with reference to obtaining the money without the consent of the owner, as the district attorney had expressly admitted that defendant did obtain the money with the consent of the owner, but under a false pretext, with the intent at the time to appropriate it to his own use. We think this exception is well taken. Under the indictment as presented and the proof introduced, the only theory upon which this prosecution could have been sustained was that, at the time defendant obtained the money, he did so with the intent to appropriate it to his own use, because it is admitted that he obtained it with the consent of the owner, and the court should have limited the consideration of the jury to this phase of the case only.

Appellant also excepted to that portion of the charge wherein the jury were instructed that, if the property came into the possession of appellant by lawful means, the subsequent appropriation of it by him would not be theft, "unless you further find from the evidence, beyond a reasonable doubt, that the original taking by the defendant, although lawful, was obtained by some false pretext, or with the intent on the part of the defendant to deprive the owner of the value of it," etc. Exception was reserved to that portion of said charge which authorizes a conviction of defendant for obtaining the money by some "false pretext." There is no testimony in the case, as presented to us, that suggests in the remotest degree that defendant resorted to any pretext, false or otherwise, to obtain possession of the money; and this portion of the charge would authorize a conviction on a question not made by the record. This was error.

We suggest, in view of another trial, that a new indictment be found, and two counts, at least, be inserted—one for theft, and the other for theft as a bailee. If the appellant took the money as indicated in the testimony of the owner, it would, at least, be an ordinary case of theft. If he took it as testified by the State's witnesses, and afterwards converted it, then he would be guilty, under the statute, for converting money obtained with the consent of the owner. We would add that it might be well to insert a count also, in the indictment, charging theft from the person.

With reference to the bill of exceptions reserved by appellant to the refusal of the court to permit the prosecuting witness to testify in regard to the allegations in his petition in the suit in the District Court to recover the money from the proprietors of the saloon, we would say that there was no error, as the bill is qualified by the judge, because appellant introduced the petition itself, setting out the very facts. The petition was the better evidence of its contents, and this the defendant introduced. Perhaps this question will not arise upon another trial. If the indictment is found in accordance with the suggestions above, the defendant might not then wish to introduce said testimony.

The remarks of the district attorney complained of are not likely to arise upon another trial, and we pretermit any discussion of these matters. For the errors in the charge of the court above discussed, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

HURT, Presiding Judge, absent.