## E. E. Gose v. The State.

No. 16611. Delivered April 4, 1934.

The opinion states the case.

*Marshall & Perkins,* of Quanah, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for three years.

J. W. Keene owed a note on his farm. He delivered a check payable to appellant in the sum of $896.67 to someone in appellant's office. Appellant told him to carry the check to his office and that he would send it to the loan company. The check was never received by the company, the testimony on the part of the State being to the effect that appellant cashed the check and converted the proceeds to his own use and benefit.

The State was permitted to introduce in evidence, over appellant's objection, several letters written on a typewriter and signed "E. E. Gose." These letters were in the nature of an admission on the part of the writer that he had taken the money delivered to him by the injured party and appropriated it to his own use. They showed the writer was promising to repay the money he had taken. The bills of exception show that there was no proof that appellant signed the letters and that they were admitted in evidence simply because they had been received by the injured party through the mail, and were signed in appellant's name. This testimony was inadmissible. The fact that the letters were received in the regular course of the mail was not alone sufficient to permit their introduction in evidence. It was incumbent upon the state to show that appellant signed the letters or authorized his name to be signed to them. Taylor v. State, 97 S. W., 475.

Under the proof the only theory upon which the prosecution could have been sustained was that, at the time appellant obtained the money, he did so with intent to appropriate it to his own use. It was admitted that he obtained it with the consent of the owner. The court should have limited the consideration of the jury to this phase of the case only. On the contrary, the case was submitted to the jury upon the theory that appellant took the money from the possession of the injured party without his consent. This charge was inaccurate. Sanders v. State, 42 S. W., 983.

Upon another trial the court should require the State to prove that the indorsement on the check was in appellant's handwriting or had been authorized by him before admitting such indorsement in evidence. Appellant did not receive the check in person, it being delivered to someone in his office.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.