O. A. ROBINSON V. THE STATE.

No. 18734. Delivered February 24, 1937.

The opinion states the case.

*B. L. Collins, G. A. Lynn,* and *R. J. Derby,* all of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of failing to stop and render aid to a person whom he had struck with an automobile, and his punishment was assessed at confinement in the state penitentiary for a term of three years.

The testimony adduced by the State, briefly stated, shows that on the 20th day of December, appellant was riding in an automobile driven by a woman by the name of Billie Williams; that while they were driving on the streets of the town of Lufkin the car collided with a small girl, threw her against the curb and inflicted such severe injuries upon her that she died within a short time thereafter. At the time of the fatal accident Billie Williams was in the driver's seat doing the driving, while the appellant was on the same seat beside the driver; that after having struck the child they drove approximately a block before they stopped, but at no time did they, or either of them, return to the scene of the accident and offer aid or assistance to the injured child. We fail to find any evidence in the record which tended to show that appellant was aiding, assisting, or advising Billie Williams in the operation and control of the automobile. Appellant did not testify or offer any testimony.

Appellant urged quite a number of objections to the court's charge. We do not deem it necessary to discuss each of them separately. In paragraph five of the charge the court instructed the jury as follows:

"If you believe from the evidence, beyond a reasonable doubt, that the defendant, O. A. Robinson, on or about the time alleged in the indictment, in the County of Angelina and State of Texas, did unlawfully strike Mollie May Goodson with a motor vehicle, or was in control of such motor vehicle at the time it so struck Mollie May Goodson, if you find that it did so, and that he failed to stop and render to the said Mollie May Goodson all necessary assistance, you will find the defendant guilty as charged in the indictment," etc.

Appellant objected to the above instruction on the ground that it was an erroneous application of the law to the facts, in

this, that the uncontroverted testimony shows that appellant was not driving the car at the time the child was struck. The charge of the court should be confined and limited to the facts proven. If, however, there were facts and circumstances from which it might be reasonably inferred that appellant was in control of the motor vehicle at the time, then the court by an appropriate instruction should have limited the jury's consideration to said issue. See Conn v. State, 11 Texas Crim. Rep., 390; Sanders v. State, 38 Texas Crim. Rep., 343; Maloney v. State, 57 Texas Crim. Rep., 435; Tittle v. State, 35 Texas Crim. Rep., 96; Scogin v. State, 273 S. W., 575.

The sufficiency of the testimony to sustain the conviction also presents a very serious question.

For the error in the charge of the court discussed above, the judgment of the trial court is reversed and the cause remanded.

*Reversed and cause remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.