Milton A. Wiltse, J.
The defendant was convicted by a jury before the Honorable Howabd H. Splete, Police Justice of the Village of Carthage, New York, on September 4,1.959, of leaving the scene of accident without reporting, in violation of sub *853 division 5-a of section 70 of the Vehicle and Traffic Law. From the judgment of conviction entered on the aforesaid date, he appeals.
An essential element of the charge against this defendant, which the People must prove beyond a reasonable doubt, is that he left the scene of an accident, knowing that damage was caused, without reporting it as required by subdivision 5-a of section 70 of the Vehicle and Traffic Law (People v. Dropkin, 261 App. Div. 223).
Two ladies who were seated in a parked car on State Street in the Village of Carthage, at about 10:30 o ’clock in the evening of June 30, 1959, were the principal witnesses for the People. They testified that an automobile proceeding westerly on the said street struck a car that was parked.
One of said ladies, a Mrs. Walters, stated that the defendant was the operator. She also offered the only testimony in the case on the question of the extent of damage to the parked vehicle, stating “ the back fender and what they call the apron next to the hood was what seemed to be dented in.”
This testimony related to what she claimed she observed after the accident. There was no testimony whatever regarding the condition of the vehicle allegedly damaged, prior to the accident, and the owner of the allegedly damaged vehicle neither made any complaint nor testified. He was the manager of a store in Carthage and was available as a witness.
The defendant denied any knowledge of the accident when arrested by a police officer later the same evening, and denied that there was any damage occasioned to his vehicle, or damage caused by him to any other vehicle, that evening. It is conceded that the defendant reported no accident. There was no proof offered that there was any damage to any part of the defendant’s car that might indicate that it had been involved in an accident.
Without the testimony of the owner of the parked automobile allegedly damaged, there is no way to ascertain whether the fender and apron that1 ‘ seemed to be dented in ’ ’ was caused by an accident on the evening of June 30 or some days or weeks prior thereto.
The defendant alleges that the People did not prove beyond a reasonable doubt that any damage had been caused by the defendant, if, in fact, the defendant did have knowledge that any accident involving his car occurred. Defendant also moved for direction of a verdict in his favor at the close of the People’s case on the grounds that the People had failed to sustain the burden of the proof required,
*854 Under the facts in this case that motion should have been granted.
In and of itself, failure of proof as to damage to the parked vehicle, even assuming that the defendant had knowledge that an accident had occurred, would necessitate a reversal of the judgment of conviction.
The People failed to prove beyond a reasonable doubt that any damage had been knowingly caused by the defendant’s automobile.
Upon the facts and the law, the judgment of conviction is reversed, the information dismissed, defendant discharged and the fine remitted.
An order may be entered accordingly.