Martin M. Kolbrener, J.
Defendant appeals from a judgment convicting him of violating section 600 of the Vehicle and Traffic Law (leaving the scene of an accident). He has been fined $50 and his license has been revoked.
The judgment should be reversed on the law and on the facts, and the defendant discharged. True it is that the trier *712 of the facts, who saw the witnesses, observed their demeanor and heard their testimony, was in a better position to determine where the truth lies. However, the sum total of all the testimony falls short of the proof necessary to ground a conviction under section 600 of the Vehicle and Traffic Law. This section provides: ‘ ‘ Any person operating a motor vehicle or motorcycle who, knowing that damage has been caused to the real property or to the personal property * * * of another, due to the culpability of the person operating such motor vehicle * * * leaves the place where the damage occurred without stopping, exhibiting his license and giving his name, residence * 8 * to the party sustaining the damage, or to a police officer, or in case no police officer * * * is present at the place where the damage occurred then reporting as soon as physically able the same to the nearest police station, or judicial officer, shall be guilty of a misdemeanor.”
A resident near the scene of the alleged accident, a dark street, heard the loud report of an impact at about 9 o’clock at nig'ht. He caused the police to be called immediately, “ and about that time an officer drove up, that is, within a very few minutes, about the fastest I ever saw any police arrive on the scene.” The witness did not see the collision, nor did any other witness. The claimed damage was to a fire hyrdant. It tilted “ 50 degrees.”
The police officer who later issued the summons, arrived at the scene, searched the surrounding streets for a few minutes, and then returned to the place of the accident. He gave two accounts of how he first encountered the defendant. ‘ ‘ I went back to the scene, and at that time I saw a gentleman there picking up a hubcap which was left at the fire hydrant. * * * I asked him if he had the car that this hubcap did fit, and he said he did.
“ Q. Where the accident happened, you found Mr. Magyar at the hydrant, didn’t you? A. No, sitting in the bushes at the corner of Prospect and Meadow.
“ Q. Sitting where? A. In the bushes.”
These two stories are not reconciled nor are they explained. In any event, the officer testified that the defendant was at the scene of the accident, and without hesitation told the officer of his involvement.
We are asked to infer what should have been proven, beyond a reasonable doubt.
1. There is no proof that the hydrant was in good condition before the accident. All ive have is proof that it ivas tilted after the accident. Thus there was no proof of damage.
*713 2. If, indeed, there was damage directly resulting from the accident, there is no proof that defendant knew or should have known that he damaged the hydrant.
Lastly, there was no proof that a policeman or “party sustaining the damage ” or anyone else, to whom defendant could give his name, etc., was there at the scene (Vehicle and Traffic Law, § 600).
Defendant’s testimony is that on his way home an approaching car came directly at his car and he was forced to swerve to the right. In doing so he struck an object and in the dark he thought it was the curb. There was proof that curbs are sometimes high in Garden City. He drove home four blocks away and after examination of his car, he felt he might have struck something else, so he walked back to the scene. While there, he saw the policeman to whom he reported the accident.
In People v. Curtis (217 N. Y. 304, 307-308) the court said: “It was essential to a conviction under either or both counts of the indictment that the jury should be satisfied beyond a reasonable doubt not only that an injury had been caused to Brainard W. Cole or his property, but that the defendant knew that such injicry had been caused, and notwithstanding such knowledge left the scene of the accident without giving his name, address or license number, and that he neglected subsequently to report the injury to the nearest police station or judicial officer as the Highway Law requires. The most important question in the case, therefore, was the knowledge of the defendant.” (Italics supplied.)
In People v. Leigh (19 Misc 2d 675, 677) the court said: “ The statute, being a misdemeanor under the Vehicle and Traffic Law, it was necessary for the People to prove beyond a reasonable doubt, each and every essential element of the crime.” (Italics supplied.) As to the proof of damages, it was said in People v. Perry (27 Misc 2d 355, 356-357): “This court is of the opinion that actual damage is essential to the commission of this crime, and it should be actively shown by positive evidence that damage was caused. (People v. Irish, 129 Misc. 440.) ”
In People v. Perrigo (20 Misc 2d 852, 854) the court said: “ In and of itself, failure of proof as to damage to the parked vehicle, even assuming that the defendant had knowledge that an accident had occurred, would necessitate a reversal of the judgment of conviction.”
It is clear that the prosecution has failed to prove facts sufficient to constitute a prima facie case. But in addition thereto the record fails to disclose any reason why the police *714 man’s testimony was accepted and defendant’s testimony rejected. In view of the policeman’s inconsistent statements on a material point (Did defendant return to the scene to retrieve a hubcap or to determine if there was damage as he testified?) his testimony should have created a reasonable doubt in the Trial Judge’s mind in view of defendant’s unimpeached testimony.
In view of the foregoing’, I therefore order that the judgment be reversed, the information dismissed, the fine remitted, and the defendant’s license restored to him.