M. Marvin Berger, J.
The defendant is charged with violating section 600 of the Vehicle and Traffic Law, which in part states that “ Any person operating a motor vehicle * * * who, knowing that damage has been caused to * * * personal property * * * of another, due to the culpability of the person operating such motor vehicle * * * leaves the place where the damage occurred without stopping, exhibiting his license * * * shall be guilty of a misdemeanor. ’ ’ He moves for a dismissal of the charge following a preliminary hearing.
The credible evidence at the hearing held on March 24, 1970 disclosed that the defendant had, under circumstances which he did not choose to explain, left the automobile which he had been driving, and that the automobile, with its engine running had then collided with a parked motor vehicle. The arresting officer testified that he had heard the noise of a collision between the driverless automobile and the parked automobile.
There is no question that, at the time of the impact, the defendant was not in the automobile which he had been driving up until a few seconds before the collision.
It may fairly be inferred from the testimony at the trial that the defendant heard the crash of the two automobiles. However, even if he had not heard the noise, the major thrust of the defendant’s argument is that the defendant was not “ operating ’ ’ the motor vehicle within the meaning of the statute.
Section 127 of the Vehicle and Traffic Law defines an operator as “ any person other than a chauffeur, who operates or drives a motor vehicle or a motorcycle upon any public highway.”
*16 The defendant chooses to adopt the more limited definition of an operator to be found in section 359 of the same act — “ every person other than a chauffeur who is in actual physical control of a motor vehicle.”
Section 359 forms part of article 7 of the act — titled “ Motor Vehicle Safety Responsibility Act.” The entire article deals largely with one’s ability to respond to a judgment for bodily injury, or injury to or destruction of property.
Section 127, on the other hand, is found in article 1, entitled “ Words and Phrases Defined.” Section 100 of that article states that when used in the chapter, all words shall “ have the meanings respectively ascribed to them in this article except where another definition is specifically provided in any title, article or section for application in such title, article or section ”. (Emphasis supplied.)
The court feels that the more general description to be found in section 127 of the act rather than the definition in the article dealing with safety responsibility governs here.
Certainly, in the light of the decisions discussed below, the general definition is to be preferred. Such definition permits of the interpretation that a person may be “ operating ” a vehicle while it is at rest or even when the person against whom civil or criminal sanctions are invoked is outside the vehicle.
Research fails to disclose any case in New York which deals directly with the question of whether a motor vehicle is in operation when the vehicle is empty of its driver.
Matter of Prudhomme v. Hults (27 A D 2d 234 [3d Dept., 1967]) recognizes the paucity of authority on the entire question of the meaning of “ operating a motor vehicle.”
That case was a proceeding to review revocation by the Commissioner of Motor Vehicles of the petitioner’s driver’s license predicated upon the latter’s refusal to submit to a test to determine the alcohol content of his blood. The arresting officer testified that the petitioner’s car was stopped in the center mall of the New York Thruway with headlights and dome lights burning, and the motor running, but not in gear, and that petitioner was slumped over the steering wheel. Following his arrest on a charge of operating a motor vehicle while intoxicated (Vehicle and Traffic Law, § 1192) the petitioner contended that the arresting officer had not observed him operating the automobile and thus the arrest was not for a crime committed or attempted in his presence or with reasonable grounds for believing that a crime was being committed in the officer’s presence. Thus, argued the petitioner, the officer’s arrest, a necessary prerequisite to a request to submit to a chemical test, was *17 invalid. Gibson, P. J., writing for a unanimous court, observed (p. 236) the distinction in section 127 of the Vehicle and Traffic Law between the words “ operates ” and “ drives,” holding that “ operates ” is a broad word. He stated “ Although there is a dearth of authority in New York, a relatively early case recognized that an individual ‘ began to violate the law [against operating while intoxicated] the instant he began to manipulate the machinery of the motor for the purpose of putting the automobile into motion ’, even though he did not succeed in moving it. (People v. Domagala, 123 Misc. 757, 758 [County Ct., Erie County, 1924].) * * *
“ As we have noted, New York precedents are limited, but a wealth of out-of-State authority supports this conclusion. In approving a jury instruction that under the evidence the defendant would be guilty of operating while intoxicated, ‘ whether the automobile moved or not ’, the Supreme Judicial Court of Massachusetts said that, “A person operates a motor vehicle within the meaning of [the statute] when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle.’ (Commonwealth, v. Uski, 263 Mass. 22, 24.) In many other States, it has been held that a person found behind the steering wheel of an automobile, stopped with motor running, is an operator of the vehicle. (State v. Lariviere, 2 Conn. Cir. 221 [where, indeed, defendant was found asleep at the wheel] ; State v. Swift, 125 Conn. 399; State v. Pritchett, 53 Del. 583; Barrington v. State, 145 Fla. 61; Flournoy v. State, 106 Ga. App 756; State v. Fox, 248 Iowa 1394; State v. Dill, 182 Kan. 174; Waite v. State, 169 Neb. 113; State v. Ray, 4 N. J. Mis. Rep. 403 [involving, as here, an arrest for a crime committed in a peace officer’s presence]; State v. Sweeney, 40 N. J. 359; State v. Storrs, 105 Vt. 180; Gallagher v. Commonwealth of Virginia, 205 Va. 666; Ann. 47 ALR 2d 570, ‘ Driving While Drunk,’ and supp.) ”
To the same effect is Williams v. State (111 Ga. App. 588). In that case the defendant was arrested under a warrant charging him with driving a motor vehicle while intoxicated. The information on which he was convicted accused him of driving and operating while intoxicated. The defendant demurred to the information on the ground that it was broader than the warrant. Following conviction, he appealed. The court sustained the conviction, holding that the offense of operating an auto while intoxicated can be committed without driving but the offense of driving while intoxicated cannot be committed without operating the vehicle.
*18 In People v. Frank (61 Misc 2d 450, 454 [Sup. Ct., Queens County, 1969]) Justice J. Irwin Shapiro wrote: ‘ ‘ While it is true that the statute speaks of a demand for identification of the motor vehicle upon the ‘ person operating a motor vehicle it would seem apparent that the intent of the statute is to cover not only the person actually operating the vehicle hut also anyone else who exercises dominion over a motor vehicle ‘ registered or transferred in accordance with any of the provisions ’ of article 14 of the Vehicle and Traffic Law.”
Under the circumstance present here, the defendant unquestionably drove the motor vehicle up to the point of his exiting from it. It must be assumed that the Legislature did not intend that a person driving a motor vehicle could escape liability for causing damage by jumping from the car and then claiming that he did not ‘ ‘ operate ’ ’ it, at the point where it caused reportable damage. The law must of necessity assume that cause and effect are not housed in compartments insulated from each other, but rather that one flows into the other.
The teaching of a number of eases reported in other jurisdistions in connection with civil liability fortifies this view.
Chief among such cases is Horst v. Holtzen (249 Iowa 958). There, the defendant in a personal injury action, had picked up several passengers who, together with her, were planning to attend a church sewing circle. The defendant, driver of the car, parked it with the motor running and the brake set, and then left the automobile to assist an elderly lady across the street and into the car. Before the defendant could re-enter, the car started .and ran into a parked car and then a schoolhouse, severely injuring the plaintiff passenger. Although the plaintiff was denied recovery under the Iowa guest statute, the court noted that a person who stopped and left the motor vehicle but had not re-entered it was “still at that time operating the car,” citing in support of holding Stroud v. Board of Water Comrs. (90 Conn. 412); Liberty Mut. Ins. Co. v. McDonald (97 F. 2d 497 [C.C.A. 6th, 1938]); Commercial Std. Ins. Co. v. Bacon (154 F. 2d 360 [C. C. A. 10th, 1946]) and Cook v. Crowell (273 Mass. 356).
In the Commercial Std. case, Judge Huxman, writing for a unanimous Tenth Circuit Bench, held that a liability policy covering injury or death due to the insured negligence in “ operation or use ” of the licensed vehicle upon the highway covered a semitrailer tank undergoing welding. He stated (p. 363): “We accordingly conclude that to be within the coverage of the policy the loss must result from an operation or use of *19 the licensed vehicle upon the highway. It is not necessary, however, that the vehicle must be in actual operation or use upon the highway at the time the loss occurs in order to constitute an operation or use of the highway. It is sufficient if the operation or use of the vehicle from which the loss occurs has a proximate and necessary connection with an actual operation or use of the vehicle upon the highway. Thus, it has been held that the operation of cars upon the highway includes not only cars in motion, but also those which in the course of operation were parked or left standing upon the highway; that it includes ordinary stops upon the highway as being incidental to the operation; that it included a vehicle while it is stopped in soliciting trade or delivering merchandise. ’ ’
Finally, in Hand v. Frazer (139 Misc. 446, 447 [Sup. Ct., Onondaga County, 1931]) Justice Edmund H. Lewis said: “ Considering as we must the purposes of the Legislature in enacting this statute it is clear that the end in view was to provide a method whereby those who negligently use the highways of this State can be brought into its courts to answer for the alleged results of such use. To leave an automobile standing across a lane of highway traffic or to park it in a manner which disregards the safety of other users of the highway may be as great a menace to human life as reckless speed. A construction of this statute which limits its effectiveness to a motor vehicle in motion would disregard a cardinal rule under which the Legislature must be presumed to have intended a reasonable and practical result from the enactment. (Travelers Ins. Co. v. Padula Co., 224 N. Y. 397; Johanns v. Ficke, Id. 513.) ”
The legislative intent of section 600 was obviously to prevent drivers of motor vehicles from evading their responsibility to persons sustaining personal injury or property damage resulting from an accident. That purpose may not be frustrated by the strict construction argued for by the defendant.
The case of People v. McCrann (275 App. Div. 1050 [2d Dept., 1949]) cited by defendant, is a memorandum opinion, which set aside a conviction for leaving the scene of an accident without reporting, under subdivision 5-a of section 70 of the Vehicle and Traffic Law, which then covered the offense, offers no illumination. It merely held that the owner, who was not operating the car at the time of an accident, could not be charged with the crime..
As stated earlier, the court from the evidence finds that the defendant knew of the accident and knew that he had caused damage. Thus the cases of People v. Perrigo (20 Misc 2d 852) *20 and People v. Magyar (47 Misc 2d 711) and People v. Spiegelman (19 A D 2d 538) cited by defendant, are not controlling.
The motion to dismiss the complaint is denied and the defendant will stand trial on charges of violation of section 600 of the Vehicle and Traffic Law.