Allen Moss, J.
This case presents a novel question. Ho reported precedent has been found by counsel or the court. When the owner of a motor vehicle was near but not in the vehicle and another person operated the vehicle and caused it to collide with and damage a parked vehicle, and the owner of the first vehicle saw this and thereupon immediately entered his vehicle, took over its operation and drove it and the operator who caused the accident away from the scene of the accident, and neither complied with the reporting and exchange-of-information provisions of section 600 of the Vehicle and Traffic Law, is either or are both guilty of leaving the scene of the accident without giving the information or reporting the accident as required by section 600 of the Vehicle and Traffic Law?
Both defendants were charged with driving while intoxicated and leaving the scene of an accident. On October 2, 1971 at *161 about 6:50 p.m. a red Chevrolet automobile was observed being operated by defendant Wenceslao in the vicinity of Rogers Avenue and Lenox Road in Kings County. It was later established that Wenceslao was its owner. Defendant Marzulli was seated beside the driver when the car was first observed. Wenceslao double-parked his car in front of a store at Rogers Avenue and Lenox Road, left the car, and entered the store. Defendant Marzulli was left alone in the car, seated in the front passenger seat. The automobile was equipped with automatic transmission. The street was level. At no time was there any sound of an automobile engine being started. Marzulli moved toward the driver’s seat, and was seen to reach a point on the front seat of the car at which point his body was on the driver’s side of the center area separating the driver’s seat from the front passenger’s seat. He was never actually seen to be fully occupying the driver’s seat. With Marzulli in the position indicated, almost, if not entirely, in the driver’s seat, the car began to move backward. It continued to move in such reverse direction across Rogers Avenue until it collided with a parked automobile and caused evident damage to that car. Wenceslao came out of the store, went to his car, which was then at a standstill at the point of its collision with the parked car, opened the driver’s-side door, shouted to Marzulli “ Frank, what the * * * are you doing? ”, got into the driver’s seat, and immediately drove his car away from the scene of the accident. Marzulli remained in the car, and left the scene in it.
Police officer Mulvihill, who had observed all of this, followed the car and stopped it about three blocks from the scene of the accident. He ordered both defendants out of the car. Wenceslao exited from the driver’s side and Marzulli from the passenger’s side. They were the only persons in the car throughout the incident.
Marzulli testified at the trial. He admitted that he had been intoxicated. He remembered little. His claim is that after Wenceslao left the car, he laid his head down to sleep upon the driver’s seat, and thereafter the car spontaneously and of its own inanimate volition began to move backward. When this happened, he claims, he moved toward the driver’s seat, tried to stop the car and stepped on the accelerator pedal instead of the brake pedal. His claims are contradicted by the police officer’s testimony and by Wenceslao’s spontaneous statement to Marzulli when he reached the car after the collision. The police officer testified about the defendants’ conditions from his observations.
*162 The court finds that the following facts are established to its satisfaction beyond a reasonable doubt: (1) After Wenceslao double-parked and alighted from his car, Marzulli operated the car into collision with the parked car causing damage to the latter; (2) Marzulli and Wenceslao each knew the car had been involved in the collision and had caused damage; (3) Marzulli was intoxicated; (4) Wenceslao was not; (5) Wenceslao drove his car, with Marzulli in the car beside him, and they left the scene of the accident.
At trial, the court dismissed as against Wenceslao the charge of driving while intoxicated because his intoxication was not proven beyond a reasonable doubt. The court now finds defendant Marzulli guilty of driving while intoxicated in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law. The information (prepared on a pre-1970 form) which described the statute as subdivision 1 of section 1192 is amended to charge violation of subdivision 3 of section 1192.
Who, if anyone, is guilty of leaving the scene of the accident? In a situation similar in some respects to this one my colleague, Judge M. Marvin Berger, has held that an operator may be guilty of leaving the scene of an accident even though he alighted from his vehicle just before it moved forward in an unexplained manner and collided with a parked vehicle, after which the operator re-entered his vehicle and drove off without complying with section 600 of the Vehicle and Traffic Law (People v. Ceschini, 63 Misc 2d 15). In Ceschini, however, no other person was left in the car after the operator alighted. In the present case, Marzulli, after Wenceslao alighted, operated the car, caused it to move and to collide with the parked auto, and only after he did this did Wenceslao re-enter his vehicle and drive the car and Marzulli away from the accident scene without stopping, exhibiting license and leaving name, address, and license number.
Section 600 provides that “ any person operating a motor vehicle * * * who, knowing that damage has been caused to * * * ■ personal property * * * of another, due to the culpability of the person operating such motor vehicle * * * or to accident, leaves the place where the damage occurred without stopping, exhibiting his license * * * and giving his name, residence # * and license number * * * shall be guilty of a misdemeanor ” (italics supplied).
The primary purpose of section 600 of the Vehicle and Traffic Law is to prevent the evasion of civil liability by a motorist who may be liable for negligently causing damage by his leaving *163 the scene of the accident (Campbell v. Westmoreland Farms, 270 F. Supp. 188; Matter of Hanavan [MVAIC], 60 Misc 2d 407, 410; People v. Chusid, 172 Misc. 492).
To permit evasion of section 600 by the expedient of changing drivers after an accident and having a person who had not been driving when the accident occurred drive both the car and the operator involved in the accident away from the scene without reporting was never intended by the Legislature. No rule of logic or statutory construction permits section 600 to be so construed. Wenceslao intentionally aided Marzulli to leave the scene and both are guilty of violating section 600 (Penal Law, § 20.00).
The memorandum decision of the Appellate Division, Second Department, in People v. McCrann (275 App. Div. 1050), which seems on its face to rule on a similar situation, in fact does not. The facts in McCrann are completely different from those before this court. In McCrann, one Borreca was driving McCrann’s automobile in which McCrann was a passenger when a multiple car collision occurred. Borreca was seriously injured and unconscious. After waiting 10 minutes for medical aid which did not come, and after giving his registration to the complainant (who was one of the drivers involved in the accident) and after he recorded in writing McCrann’s name, address and license number, McCrann left the scene to drive the unconscious Borreca to a hospital or to find a doctor to get medical aid for him. The written record of McCrann’s name, address and license number was an exhibit admitted in evidence at the trial. At trial, the charge against Borreca was dismissed because he was unconscious when McCrann drove him away from the accident.
Both defendants are adjudged to be guilty of leaving the scene of the accident in violation of section 600 of the Vehicle and Traffic Law. Defendant Marzulli is further adjudged to be guilty of driving while intoxicated in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law.