OPINION OF THE COURT
George B. Daniels, J.
The novel question to be decided in this case is whether a passenger involved in an automobile accident can be held criminally liable as a principal or accessory for leaving the scene of an accident when he drives the operator away from the site of the collision.
The defendant, Sherman Lewis, is charged with leaving the scene of an incident without reporting, in violation of Vehicle and Traffic Law § 600 (2) (a). It is alleged in the accusatory instrument that an unapprehended female was driving an automobile, in which the defendant was a passenger, when it struck the complainant’s motor vehicle causing the latter to suffer physical injuries. It is further alleged that after an ambulance arrived to treat the complainant, the defendant got behind the steering wheel of the offending vehicle, and drove himself and the unidentified female away from the accident scene prior to the exchanging of the required information such as registration, license and insurance information.
The defendant presently challenges the facial sufficiency of the accusatory instrument. In his moving papers, he contends that the unapprehended female intended to exchange the necessary items but after the complainant did not offer any information, the female returned to the car without doing so. The defendant concedes that he drove away from the accident scene, but maintains he did so in order to obtain medical care *956 for his female companion. He argues that as a passenger he cannot be guilty of violating Vehicle and Traffic Law § 600 (2) (a) as the statute pertains solely to the person who is the operator of the motor vehicle at the time of the accident.
The People respond by claiming that the statute refers generally to the operator of a motor vehicle and does not predicate its applicability upon the requirement that the operator who leaves the scene drove the automobile prior to or during the accident. In support of their position, they also now assert for the first time that the defendant is the registered owner of the subject vehicle.
Vehicle and Traffic Law § 600 (2) (a) provides as follows: "Any person operating a motor vehicle who, knowing or having cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle operated by such person shall, before leaving the place where the said personal injury occurred, stop, exhibit his license and insurance identification card for such vehicle * * * and give his name, residence, including street and street number, insurance carrier and insurance identification information * * * to the injured party, if practical, and also to a police officer, or in the event that no police officer is in the vicinity of the place of said injury, then, he shall report said incident as soon as physically able to the nearest police station or judicial officer” (emphasis added). The statute was intended to apply to drivers of automobiles involved in motor vehicle accidents which cause physical injury to others. It does not, however, specifically state that it is aimed solely at punishing the drivers who actually operated the vehicle at the time of the accident and who subsequently leave the scene. Pursuant to the statute, it applies when the following requirements are met: (1) the accused must be operating a motor vehicle; (2) that at the time of such operation, the accused either knows or has reason to know that another person has sustained physical injury; and (3) that such physical injury was the result of an incident involving the vehicle being operated by the accused. As to the requirement that the incident involving the automobile must have been operated by such person, it is important to note that the phrase "by such person” does not specify that such person had to be operating the vehicle at the time of the incident. The purpose of the statute is to prohibit motorists involved in accidents from attempting to flee the scene prior to having their identity discovered in an effort to evade criminal or civil liability (see, Campbell v Westmoreland Farm, *957 270 F Supp 188, 191; People v Santangelo, 134 Misc 2d 615; People v Leigh, 19 Misc 2d 675, 676-677; People v Pacos, 122 NYS2d 560, 562). Given the fact that the statute is designed to protect the public from the dangers of negligent drivers, it should be liberally construed (see, People v Pinnock, 207 Misc 1097,1099).
There appears to be only three reported cases in New York involving leaving the scene of an incident by someone other than the individual operating the vehicle at the time the accident occurs. In People v Ceschini (63 Misc 2d 15), the defendant jumped out of the automobile he was driving, and within a few seconds, the unmanned vehicle struck a parked automobile. The defendant moved for dismissal of the Vehicle and Traffic Law § 600 charge arguing that he was not an "operator” within the meaning of the statute. The court focused on the cause and effect of the defendant’s conduct and concluded that the legislative intent, in enacting Vehicle and Traffic Law § 600, was to prevent a motorist from avoiding liability on the ground that he did not actually operate the vehicle at the time when it caused the reportable damage (supra, at 18). The court denied the motion finding the defendant was in fact an "operator” of a motor vehicle within the purview of the statute. Ceschini was the first New York case holding that a person did not have to be driving an automobile at the time an accident occurs in order to be properly charged with leaving the scene without exchanging the requisite information.
The second case is People v Wenceslao (69 Misc 2d 160) which the People rely upon in their opposition papers to the instant motion. In Wenceslao, the defendant was driving his automobile with the codefendant Marzulli seated next to him. After parking his car, Wenceslao left the vehicle and entered a store leaving Marzulli, who was intoxicated, alone in the car. Marzulli moved toward the driver’s seat and the car began to travel backwards eventually striking a parked automobile. After coming out of the store and seeing what had happened, Wenceslao got into his car and drove off with Marzulli still inside. The trial court found defendant Marzulli guilty of driving while intoxicated and both defendants guilty of leaving the scene of an accident. Although the decision is silent as to why Marzulli was found criminally liable, it appears that the court based its determination upon the fact that he was the operator of the motor vehicle at the time it struck the parked car. Since Wenceslao was not in the auto *958 mobile when it was involved in the accident, the court determined that he was an accomplice to Marzulli finding that Wenceslao "intentionally aided” his codefendant to leave the accident scene (supra, at 163).
The Appellate Term, however, reversed Marzulli’s conviction in People v Marzulli (76 Misc 2d 971). The court reasoned that he could not be guilty of driving while intoxicated as he never intended to operate the motor vehicle. The court went on to observe, with respect to remaining charge, "[w]e are also of the opinion that the evidence was insufficient to have found the defendant guilty of leaving the scene of the accident, where the uncontradicted proof showed that the codefendant, who is the owner of the car, actually drove it from the scene, and there was no evidence that this defendant aided, assisted or advised the driver in the operation or control of the car (see 62 ALR2d 1134)” (supra, at 972).
The Appellate Term held that Marzulli could not be deemed an "operator” as used in Vehicle and Traffic Law § 600, as the car was put into motion as a result of an involuntary act as opposed to a specific intent on the part of Marzulli to do so. Since he was never the operator of the automobile, he could not be convicted for leaving the scene of an accident. Therefore, Wenceslao was convicted as an accessory even though Marzulli was not found criminally responsible. Wenceslao never appealed his conviction. The question as to whether he was guilty of the crime as a principal remains unanswered. Additionally, the Appellate Term’s decision in Marzulli (supra) did not specifically address whether a passenger may be convicted as an accessory for leaving the scene of an incident when he drives himself and the person, who was actually found to have operated the vehicle at the time of the accident, away from the scene.
Since the existing New York case law does not resolve the issue presented in the case at bar, this court has, therefore, looked to other jurisdictions for further insight. Many States who have similar statutes interpret the term "operator” to mean anyone who could exercise control over the motor vehicle. In Alabama, California and Massachusetts, courts have held that an owner of an automobile, who is a passenger in his car when the driver is involved in an accident, is guilty of leaving the scene of an accident as a principal when the operator drives away from the site or when the owner himself drives away (see, e.g., Goodman v State, 20 Ala App 392, 102 So 486; People v Odom, 19 Cal App 2d 641, 66 P2d 206; People *959 v Rallo, 119 Cal App 393, 6 P2d 516; Petition of Saltman, 289 Mass 554, 194 NE 703; but see, People v Hoaglin, 262 Mich 162, 247 NW 141 [wherein the Michigan court held that the hit-and-run statute applied only to the driver of the automobile, and therefore the owner-passenger could only be found guilty of this crime as an accessory]; People v Graves, 74 Cal App 415, 240 P 1019; James v Commonwealth, 178 Va 28, 16 SE2d 296 [both cases holding the owner-passenger guilty of leaving the scene of an accident on the grounds that he aided and abetted the driver]). The rationale for owner liability was explained in Goodman v State[1] (supra, 20 Ala App, at 395, 102 So, at 487) as follows: "[i]n law the owner of an automobile is liable if the vehicle is being operated by such owner or under his control, and in all cases where the owner is present he is liable for a noncompliance with a statute, unless the operator disobeys his instructions, as the owner is in control of the vehicle.” The owner-passenger has a duty to control the driver and to prevent, to the extent he is able to, any conduct of the driver in violation of the criminal law (see, Petition of Saltman, supra, 289 Mass, at 561, 194 NE, at 706). Therefore, in other jurisdictions a statute prohibiting a driver from leaving the scene of an accident applies with equal force to the owner of the vehicle who is riding therein at the time of the accident since he is vested with full authority to direct and control the operation of the automobile (see, People v Odom, supra, 19 Cal App 2d, 66 P2d, at 209). Furthermore, for a passenger to be deemed a principal under this rationale, it is not required that he actually owned the vehicle. Rather, it will suffice that the passenger had control over the vehicle (see, e.g., People v Steele, 100 Cal App 639, 280 P 999 [wherein the court affirmed the hit-and-run conviction of a passenger who had control of the vehicle owned by his employer and who assumed operation of the vehicle four blocks from the accident]; People v Maggio, 90 Cal App 683, 266 P 813 [holding the passenger, who was in a company-owned truck for the purpose of supervising the driver, guilty of leaving the scene of an accident after the truck was involved in a collision. The subject statute *960 specifically placed the affirmative duty to render aid and to exchange information on the driver and on all passengers who have or assume authority over the driver]).
Where the driver is found not guilty of leaving the scene of an accident, it does not inescapably lead to the conclusion that the owner of the vehicle cannot be found guilty of this offense. In People v Rallo (supra), the court rejected the defendant’s contention that since he was an accessory, he could not be convicted of the offense where the driver was acquitted.[2] The court stated (People v Rallo, supra, 119 Cal App, at 397, 6 P2d, at 518): "Evidently the Legislature intended by this language to prescribe a penalty against the owner of a machine who occupies the vehicle and has the control over its operation at the time of the accident, and who willfully omits to render reasonable assistance to the injured party, as well as the actual driver thereof. Any other construction of the language would seem to be unreasonable because the owner of the vehicle who has the legal right to control the operation thereof may actually discourage or prevent the driver from rendering the aid which he might be willing or anxious to perform. We are therefore of the opinion that the owner of a machine who is riding therein having the control of its operation at the time of an accident may be deemed to be the driver thereof, for the purposes of this section, even though another person may be actually seated at the steering wheel.”
Even where the hit-and-run statute imposes criminal liability solely for the driver, the courts of other jurisdictions have consistently read into their statutes an intent by the Legislature to make the passenger who exercises control over the vehicle similarly liable. However, it is not alleged in the accusatory instrument at bar that the defendant owned the subject motor vehicle or otherwise exercised sufficient control over it or the female driver at the time of the accident. The People claim in their written response to the defendant’s motion that he is in fact the registered owner of the automobile. For purposes of determining a facial sufficiency motion, *961 however, the court is constrained to examine the factual allegations set forth within the four corners of the accusatory instrument and any supporting depositions which may accompany it (see, People v Alejandro, 70 NY2d 133). All that is alleged in the information is that the defendant was a passenger in a car driven by another person. Therefore, whether the defendant can be properly charged with violating Vehicle and Traffic Law § 600 will be based exclusively upon his role as a passenger.
The court finds that unlike the situation of an owner-passenger or a passenger vested with the necessary control over the vehicle, a passenger-guest may not be guilty of leaving the scene of an incident as a principal. The statute imposes no independent obligation on the passenger apart from that imposed on the driver. If after the unapprehended female struck the complainant’s vehicle, she remained at the scene and only the defendant fled, the purpose of Vehicle and Traffic Law § 600 would not be thwarted as the defendant’s presence at the accident scene was not a condition precedent to the exchanging of the required information. Conversely, had only the female driver left the scene of the incident, she would independently be guilty of violating Vehicle and Traffic Law § 600 solely due to her own attempt to evade responsibility, even though the passenger remained. The passenger defendant cannot be deemed a principal in his own right as his exposure to criminal liability only arises when he is acting to cause or aid the driver to flee the scene.
Other States have had the opportunity to determine whether a passenger may be found guilty of leaving the scene of an accident on the ground that they intentionally aided the driver in fleeing the scene. Several courts have concluded that the imposition of accessorial liability was appropriate (see, e.g., People v Holford, 63 Cal 2d 74, 80-82, 45 Cal Rptr 167, 171-172, 403 P2d 423, 427-428; People v Nails, 10 Ill 2d 279, 139 NE2d 744; People v Derosia, 94 NH 228, 50 A2d 231). One cannot be deemed an accessory merely because he was a guest in an automobile when the driver fled the scene after an accident, but rather he must, by word or by deed, aid the driver (see, State v Dutch, 246 NC 438, 440-441, 98 SE2d 475, 477; accord, Robinson v State, 132 Tex Crim 50, 102 SW2d 220; State v McFarland, 158 Wash 652, 291 P 719). Therefore, it has been held that when a passenger, knowing that someone was injured in an accident, advises the driver to leave the scene, it provides a sufficient basis upon which to predicate *962 the accessorial liability (see, People v Holford, supra; People v Derosia, supra). A similar fact pattern to the case at bar is presented in People v Nails (supra). In Nails, the court affirmed the conviction of a passenger who drove the operator of the vehicle involved in an accident away from the scene without rendering aid to the injured party or exchanging the required information finding he was an accessory in the commission of the offense.
This court is in agreement with the various jurisdictions which have held that a passenger, who aids a driver in leaving the scene of an accident, may be found guilty of violating a hit-and-run statute as an accomplice. Such a finding is consistent with New York case law holding that under certain circumstances a passenger may be found criminally liable for the acts of a driver. In People v Fraser (126 AD2d 740), the Court held that a passenger in a limousine, operated by his obedient employee, was properly charged in an indictment with two counts of aiding and abetting the driver in committing the crimes of assault in the second degree and reckless endangerment in the first degree. Despite the fact that two police officers were holding on to the limousine in an attempt to prevent the vehicle from leaving the scene, the passenger was overheard instructing the operator to drive away. The Court, citing People v Joseph (11 Misc 2d 219, 230, quoting Model Penal Code, First Draft, at 34), noted that a person who encourages a driver to increase the speed of the vehicle stands in the same position as the driver if a homicide or injury occurs.
This court’s determination that a passenger may be found guilty as an accessory for violating Vehicle and Traffic Law § 600 (2) (a) when he drives the operator away from the accident scene prior to the exchanging of information will act to safeguard the legislative purpose of that section. It is also not violative of the express language of the statute which does not restrict its applicability to only persons operating the vehicle at the time of the incident, as opposed to postincident drivers. In view of this finding, it must still be determined if the accusatory instrument is facially sufficient to support this charge.
A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution (see, People v Case, 42 NY2d 98). The allegations contained in the factual part of the information, together with those set forth in any supporting depositions which may accompany it, must *963 provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information (see, CPL 100.40 [1] [b]). Nonhearsay allegations of the factual part of the information and/or any supporting depositions submitted therewith must establish, if true, every element of the offense charged and the defendant’s commission thereof (see, CPL 100.40 [1] [c]; People v Alejandro, supra). The fact that the accusatory instrument does not specifically allege that the defendant was acting-in-concert with the unapprehended female does not preclude this court from examining the sufficiency of the instrument on that basis (see, People v Jones, NYLJ, May 19, 1994, at 29, col 4, relying on People v Duncan, 46 NY2d 74). There is no requirement that the instrument must reflect whether the prosecution intends to prosecute an accused as a principal or as an accessory. Such a matter is the proper subject of a bill of particulars (see, CPL 100.45 [4]; 200.95 [1]). However, where the defendant is charged on the basis of acting-in-concert with another, the instrument must allege the specific act or acts attributable to him (see, People v Torres, 141 Misc 2d 19).
It is well settled that in order to hold an accessory criminally accountable for the crime committed by the principal actor, the prosecution must establish that the accessory possessed the mental culpability required to commit the crime charged and that in the furtherance thereof, he solicited, requested, commanded, importuned, or intentionally aided the principal actor (see, Penal Law § 20.00; People v La Belle, 18 NY2d 405; People v Crawford, 199 AD2d 406). A defendant cannot be held responsible for the criminal acts of another without a showing that he shared a community of purpose with the principal actor (see, People v Allah, 71 NY2d 830). Furthermore, the defendant must engage in some conduct which assists or furthers the commission of the crime by another (see, People v Perniciaro, 58 NY2d 751; People v Wylie, 180 AD2d 774). "Without adequate proof of a shared intent with the principal actor, there is no community of purpose and therefore no basis for finding defendant acted in concert with the actual [perpetrator]” (see, People v McLean, 107 AD2d 167, 169).
The accusatory instrument at bar reveals that the defendant was cognizant of the fact that the motor vehicle he was riding in struck another automobile causing the driver therein to sustain physical injury. Despite the fact that the accused knew that the drivers involved in the accident did not *964 exchange the necessary information, it is alleged that he got behind the steering wheel of the offending vehicle and drove himself and the initial driver of that vehicle away from the accident scene. It is reasonable to infer that the voluntary presence of the unidentified female in the vehicle while it was being driven away from the vicinity of the accident was for the purpose of avoiding her legal responsibility. Therefore, the defendant’s alleged role in helping her to leave the scene is sufficient to render him criminally liable as an accomplice for violating Vehicle and Traffic Law § 600.
The defendant contends his actions were motivated by a humanitarian effort to gain medical aid for his female companion and not by an intent to evade civil or criminal liability. That is an issue of fact to be resolved at trial. However, it should be noted that at no time after the unidentified woman left the scene with the defendant did he or she return to the accident scene or notify the police regarding the motor vehicle collision. The police were apparently required to track down the automobile and the defendant, and he was finally located over eight hours after the accident. Moreover, to date, the defendant has not disclosed the identity of his female companion nor has she come forward. The fact that her identity and whereabouts remain a mystery belies the defendant’s claim of acting solely to seek medical treatment for the injured female. Rather, it demonstrates an attempt to shield the unapprehended participant from the criminal and civil repercussions arising from her wrongful conduct, and it provides further evidence that the defendant intentionally aided the principal actor in committing the charged offense.
Accordingly, for the foregoing reasons, the defendant’s motion to dismiss the accusatory instrument for facial insufficiency is hereby denied.

. In Goodman v State (supra, 20 Ala App, 102 So, at 487), the defendant was charged with violating a statute which made it a misdemeanor for any person operating a motor vehicle, who knowing that injury has been caused to a person or property, due to the culpability of the operator or to accident, leaves the place of such injury or accident without stopping and giving his name and residence and operator’s license number to the injured party, or to some officer or to some person in the vicinity thereof.

. Defendant Rallo was convicted of violating section 141 of the California Vehicle Act which provided in part as follows (People v Rallo, supra, 119 Cal App, at 397, 6 P2d, at 518): "The driver of any vehicle involved in any accident resulting in injury or death to any person * * * shall render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or such carrying is requested by the injured person.”