THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HAROLD IRISH, Appellant.

County Court, Niagara County, March 21, 1927.

Crimes — violation of Highway Law, § 290, subd. 3 — defendant was convicted for failure, after automobile collision, to give his name and address — evidence does not show that defendant's automobile damaged or injured other party — statute only requires name be given in event damage has been done or person injured — optional with defendant to give name, etc., to other party or to police officer.

Defendant was convicted of violating subdivision 3 of section 290 of the Highway Law for failure, after automobile accident, to give his name and address as required by said statute. The evidence does not show that defendant's automobile damaged or injured the other party, and since the statute requires a person to give his name only in event damage has been done or a person has been injured, there was nothing to warrant defendant's arrest, and the judgment of conviction, therefore, must be reversed.

Moreover, even if the other car had been damaged or someone had been injured, *it seems,* that under the statute it was optional with defendant to give his name, etc., to the party damaged or to a police officer if one was present, before leaving the place.

APPEAL by defendant from judgment of Police Court of Niagara Falls.

*Frank S. Nicholson,* for the appellant.

*William H. Cookman, Jr., Assistant District Attorney,* for the respondent.

HICKEY, J.    Defendant was convicted of violating subdivision 3 of section 290 of the Highway Law (added by Laws of 1910, chap. 374, as amd. by Laws of 1926, chap. 732) and fined fifteen dollars and his license revoked in the Police Court of Niagara Falls.    He appeals on the ground that the evidence fails to show a violation of the statute.

That part of the statute applicable to the case reads as follows: "Any person operating a motor vehicle who, knowing that injury has been caused to a person, due to the culpability of the person operating such motor vehicle, or to accident, leaves the place of said injury or accident, without stopping and giving his name, residence, including street and street number, and license number, to the injured party and also to a police officer, or in case no police officer is in the vicinity of the place of said injury or accident, then reporting the same to the nearest police station or judicial officer, is guilty of a misdemeanor."

The facts are before me in the form of a stipulation.    From this stipulation it appears that a collision between defendant's car and another car occurred at the intersection of two streets in the city of Niagara Falls and that defendant was driving in an easterly and the other car in a southerly direction.    The stipulation is silent as to  the relative distances of the respective cars from the point of interesection as they approached the same.    The defendant, who was approaching the point of intersection to the right of the other car must, therefore, be assumed to have had the right of way.    Hence, the inference to be drawn from the fact of collision in the absence of qualifying circumstances must be that the driver of the other car was to blame.    Assuming this to be true, the defendant would naturally be thrown into an angry passion as a result of the accident.    It appears that while defendant was in such passion and while trying to remove his car from the traveled portion of the street, the driver of the other car who, we must assume from the stipulated facts, was to blame for the accident, kept demanding defendant's name and address.    Defendant finally answered "in anger," as the stipulation recites, "my name is Irish, get my address from Lockport."    Thereupon the driver of the other car went to a policeman, who it appears was near by and told him defendant refuse to give his address.    The policeman, without waiting to let

the defendant cool off and without even asking his name, arrested him and took him to the police station where he was convicted and fined as above stated.

The stipulation does not show that the car with which defendant's car collided was damaged or that any person was injured as a result of the collision. From a reading of the statute quoted above, it would appear that it is only when damage has been done to a vehicle or some one has been injured as a result of the collision, that names, etc., need be given. Hence, it not appearing that any one was injured or that the other car was damaged, defendant was not under any legal obligation to give his name, address, etc., to the driver of the other car or to any one else. Furthermore, even if the other car had been damaged or someone had been injured as a result of the collision it is by no means clear from the statute that defendant was bound to give his name, etc., to the party sustaining the damage. It would seem under the statute that in such case it was optional with defendant to give his name, etc., to the party damaged or to a police officer if one was present, before leaving the place. Defendant did not leave the place of the accident, or, so far as appears, attempt to leave it but was taken from the place by a policeman, who did not even ask his name and address, just as he might have done if defendant had committed some crime in his presence. There is nothing in the stipulation to indicate that defendant committed any crime in or out of the presence of the police officer that justified the latter in arresting him and, so far as the stipulated facts are concerned, the inference to be drawn therefrom is that defendant was not to blame for the accident. I fail to find anything in the stipulated facts that warranted the arrest of defendant and the judgment below is, therefore, reversed.