THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ABE CHUSID, Defendant.

City Court of Middletown, September 12, 1939.

*Walter E. Deisseroth, Corporation Counsel,* for the plaintiff.

*Bernstein & Lipke* [*Saul Bernstein* of counsel], for the defendant.

FAULKNER, J. Under subdivision 5-a of section 70 of the Vehicle and Traffic Law, an operator of a motor vehicle, who, knowing that damage has been caused to real or personal property, excluding animals, which has been due to his culpability or to accident, leaves the place where the damages occurred without stopping, exhibiting his license and giving his name, residence, including street and number, and license number to the party sustaining the damage, or to a police officer if present in the vicinity where the damages were done, or if none there then reporting to the nearest police station or judicial officer, is guilty of a misdemeanor.

Under the plain language of this provision, such an operator has the alternative of giving the requisite information to the person involved in the collision or to the police. He is not required to do both. The courts have so held. (*People* v. *Irish,* 129 Misc. 440; *People* v. *McLaughlin,* 100 id. 340.)

The defendant here has been charged with a violation of this provision. The facts establish that immediately after the collision occurred with its resultant damages, the complainant insisted upon the defendant going to the police station and the defendant took his wallet out of his pocket, opened it to where the license was and offered it to the complainant who refused to look at it. The latter admitted that the defendant suggested an exchange of licenses and

there is no proof on the part of the People contradicting the story of the defendant in this respect.

The question for determination is whether in doing what he did, the defendant complied with the legal requirements. Was the exhibition of the license the giving of the name and residence as required?

As stated in *Commonwealth* v. *Harsfall* (215 Mass. 232; 100 N. E. 362), the obvious purpose of such a statute as that under consideration " is to enable those in any way injured by the operation of an automobile upon a public way to obtain forthwith accurate information as to the person in charge of the automobile. It should be interpreted in such way as to effectuate this end. Manifestly it imposes active and positive duties upon the operator of the automobile. * * * In unmistakable language it requires the tendering on the spot and immediately of explicit and definite information as to himself of a nature which will identify him readily, and make it simple and easy to find him thereafter."

If the end sought to be accomplished by the statute were to be attained by the exhibition of the license without anything else, then there would have been no need for the Legislature to have expressly added the words " and giving his name, residence, including street and number and license number to the party." It does not at all follow that the address on the license is the residence at the time of the occurrence. (*People* v. *Kallof*, 253 App. Div. 837.)

While it may be reasonably urged that normally the effect of exhibiting the license is actually the giving of the name, residence, etc., nevertheless the law does seem to require both, *i. e.*, the exhibition of the license and the giving of the necessary information.

I find the defendant guilty as charged.