James D. Hopkins, J.
The defendant appeals from a judgment of conviction after a jury trial rendered by the Court of Special Sessions of the Village of Larchmont for a violation of subdivision 5-a of section 70 of the . Vehicle and Traffic Law (leaving the scene of an accident without reporting). The facts are largely undisputed; the ultimate question is whether the guilt of the defendant was proved beyond a reasonable doubt.
The accident occurred in the early morning hours of New Year’s Day, 1959. The defendant in the company of two friends celebrated the coming of the New Year at his home in Larchmont. He had driven one of his friends to the latter’s home and was engaged in taking the second to his home when his automobile struck a parked car. No one was seated in the parked car, nor was the owner or a police officer in the vicinity. The defendant stopped his automobile for perhaps half a minute and then proceeded to his friend’s home. The accident was witnessed by two men in a third automobile parked across the street, and one of them called the police on the telephone and reported the accident.
*433 After leaving Ms friend’s home, the defendant returned in a few minutes, because his automobile could not be driven further due to damage caused by the accident. It had been his intention, he testified on the trial, to drive to the police station in the village and report the accident. Instead, on his return to his friend’s house, he reported the accident by telephone to the police station. This call was made 13 minutes after the accident. In the meantime, police officers investigating the accident had traced the defendant’s automobile to the friend’s house, and were notified by police radio that the defendant had reported the accident and was presently in the house. They then arrested the defendant on the charge for which he was convicted.
The statute lays a duty on a person driving an automobile causing damage to personal property of which he has knowledge of “ stopping, exhibiting his license and giving Ms name, residence, including street and number, and license number to the party sustaining the damage, or to a police officer, or in case no police officer nor the person sustaining the damage is present at the place where the damage occurred then reporting as soon as physically able the same to the nearest police station, or judicial officer ”. Since neither a police officer nor the party sustaining the damage was present at the scene of the accident, the defendant’s responsibility was to report as soon as physically able to the nearest poEce station or judicial officer.
The statute is silent as to the means which may be employed to make the report, and it may be fairly inferred that under circumstances such as here, the report might be made by telephone, without infringing the statute. The statute does define the time of the report by prescribing that it shall be made “ as soon as physically able.” Mo doubt the jury under appropriate circumstances might determine adversely to a defendant and find that he had failed to report within Ms physical capabilities, and the Emits of that capacity might vary according to the facts in the case. The question remains whether the defendant’s guilt was estabEshed beyond a reasonable doubt when the lapse of time from accident to report was 13 minutes.
The purpose of the statute is calculated to prevent drivers of motor vehicles from evading their responsibility as a result of an accident (People v. Rosenheimer, 209 N. Y. 115, 119; People v. Chusid, 172 Misc. 492; ann., 16 A. L. R. 1428). It is stretching the criminal sanctions of the statute beyond the breaMng point to conclude, as was done below, that the purpose of the statute has been frustrated when a delay of 13 minutes occurred before the report was made. Under the circumstances *434 of this case, therefore, I am constrained to find that the defendant’s guilt was not established beyond a reasonable doubt (cf. People v. Wrieden, 299 N. Y. 425, 428; People v. Bearden, 290 N. Y. 478).
The judgment is reversed, the information dismissed, and the fine remitted. Submit order on notice.