William F. Christiana, J.
Defendant appeals from a judgment of conviction rendered in the Court of Special Sessions of the Town of Grhent on February 8, 1968, convicting him of a violation of section 600 of the Vehicle and Traffic Law, commonly designated as ‘1 leaving the scene of accident ’ ’. He was fined $50.
At the opening of the trial, defendant’s counsel moved to dismiss the information, and renewed his motion at appropriate times thereafter, on the ground that the same was legally insufficient. The court denied the motions and such denials constitute one of the specifications of error on this appeal.
The body of the information, which concededly was inartistically drawn, alleges: 1 ‘ Defendant did operate his motor vehicle and did leave the place where damage occurred to the property of another, to wit: Stanley Novine, L. Dens, State of New York and knowing that damage had been caused due to his accident, which damage consisted of: one cement guide post and one caution sign knocked down belonging to the State of New York,. 65 feet of wood fence belonging to L. Deus (summer home) knocked down and a mail box the property of Stanley Novine damaged.”
Section 600 of the Vehicle and Traffic Law mandates that an operator of a motor vehicle causing damage to property shall stop and give specified information to the party sustaining the damage, or to a police officer, or if these are unavailable, then to report the accident as soon as physical ability will permit to the nearest police station or judicial officer.
It is to be observed that the information contains no allegation that defendant failed to report the accident by ,any of the methods required by the statute. Especially to be noted is that section 600 of the Vehicle and Traffic Law, defining the crime, is entitled “Leaving scene of accident without reporting ”. (Emphasis supplied.)
The judgment of conviction must be reversed. One of the essential elements of the crime is the failure to report the accident as dictated by the statute. The purpose of the law is to enable persons injured, or who have sustained property damage, to obtain forthwith the necessary information as to the motorist who caused it. (People v. Hampton, 22 Misc 2d 432.) Unless *853 a report is promptly made, the intent of the law is nullified. Merely charging defendant with failing to stop after causing an accident which results in property damage does not, in my judgment, state a crime. The information must allege that an accident occurred, that damage was inflicted to either real or personal property, that defendant operator knew it or should have known it, that he did not stop, and in addition, that he failed to report the accident. In this last particular, the information is fatally defective since it does not charge that defendant neglected to report the accident.
It is argued that an allegation of failure to stop necessarily includes failure to report. This does not automatically follow. An operator may strike unattended real or personal property of another, he may then stop, and thereafter resume and fail to report, thus offending the statute. Conversely, he may leave the scene without stopping but report long after the time fixed by law. Both the failure to stop and the neglect to report are basic elements of the crime and an information which omits both allegations must fail.
It is further urged that the omission is evidentiary only. This contention is not impressive. It has been held that in any criminal prosecution, the information must allege all of the elements of the crime in order to warrant a conviction. (People v. Pacos, 122 N. Y. S. 2d 560; People v. Hakala, 270 App. Div. 612; People v. Zambounis, 251 N. Y. 94.)
In People v. Skelly (52 Misc 2d 606), it appeared that defendant had been convicted of a violation of section 600 of the Vehicle and Traffic Law. On appeal, the court held that, since there was no allegation in the information that the defendant did not report the accident pursuant to statute, a judgment of conviction could not stand. As I understand it, the Shelly holding states the current posture of the law.
Admittedly, there is much justifiable public discontent with strict adherence to technical requirements in criminal cases especially where, as here, the guilt of a defendant is shown beyond a reasonable doubt. This court is not unsympathetic with such dissatisfaction. It may be that the criterion for a satisfactory information should be liberalized and that the complexities of criminal procedure are out of balance with the needs of modern law enforcement. Nevertheless, whatever corrective steps may be required must be initiated by higher authority. Until modified, we are bound to follow established precedents. It is suggested that it would be sound procedure if law enforcing agencies would counsel with the District Attor *854 ney’s office prior to filing informations. By doing so, many technical problems could be obviated.
The information being defective, it is unnecessary to reach the other specifications of error on this appeal. The judgment of conviction is reversed on the law, the information dismissed and the fine remitted.