OPINION OF THE COURT
Richard D. Huttner, J.
The defendant, a 17 year old, is charged with leaving the scene of an accident without reporting a violation of Vehicle and Traffic Law § 600 (2) (a). The indictment charges a class E felony since the victim later died of the injuries sustained.
*616 On July 6, 1985, the defendant and his two friends, also minors, traveled from their homes in Suffolk County to Brooklyn. It was the first time since obtaining his drivers’ license that the defendant ventured into Brooklyn. Trying to find his way to the Long Island Expressway, the defendant strayed and became involved in the accident which is the subject matter of this litigation. After striking a pedestrian with his car, defendant did in fact stop. He claims, however, that a hostile crowd gathered and approached his vehicle, apparently intent upon assaulting him and his passengers. Frightened, the defendant fled the scene and did not report the incident until his arrival at his home.
The statute requires an operator of a motor vehicle, before leaving the scene of an accident where personal injury has been sustained, to stop and identify himself to the injured party, and also to a police officer if one is on the scene (Vehicle and Traffic Law § 600 [2] [a]). The defendant requests, however, that the jury be charged that a motor vehicle operator need not remain at the scene of an accident if a person under similar circumstances reasonably believes a belligerent crowd may cause him bodily harm.
Except for a lower court case, this court is unable to find precedent in our State courts on the issue of whether a motorist is required to remain at the scene of an accident where he fears for his safety. In People v Pinnock (207 Misc 1097 [Ct Spec Sess, Kings County 1955]), the court held that the presence of a hostile crowd did not excuse a motorist’s leaving the scene of an accident without giving the information required by the statute (cf., Scanlon v Flynn, 465 F Supp 32, 38-39 [US Dist Ct, SDNY 1978]).
Since that case was decided, however, the Legislature has inserted the words "if practical” into Vehicle and Traffic Law § 600 (2) (a) so that it now reads, in pertinent part: "Any person operating a motor vehicle who, knowing or having cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle operated by such person shall, before leaving the place where the said personal injury occurred, stop, exhibit his license and insurance identification card for such vehicle * * * to the injured party, if practical, and also to a police officer, or in the event that no police officer is in the vicinity of the place of said injury, then, he shall report said incident as soon as physically able to the nearest police station or judicial officer.” (Emphasis added.)
*617 The purpose of Vehicle and Traffic Law § 600 is to prohibit motorists involved in accidents from seeking to evade the civil or criminal consequences of their actions by fleeing before their identity can be established (People v Wenceslao, 69 Misc 2d 160, 162-163 [Crim Ct, Kings County 1972]; People v Hampton, 22 Misc 2d 432, 433 [Westchester County Ct I960]; People v Leigh, 19 Misc 2d 675, 676-677 [Mt. Kisco Police Ct 1959]). In amending the law to require a person involved in an accident to stop and identify himself to the injured party, "if practical”, the Legislature undoubtedly sought to ameliorate the harshness of this malum prohibitum statute by affording motorists an opportunity to report and identify themselves, where circumstances warrant, other than at the scene of the accident.
This court must now determine whether the amendment was intended to excuse the failure to promptly report an accident to the injured party because of the motorist’s fear of physical harm to himself. The precise issue to be decided is whether the motorist’s fear is based on objective criteria, since a subjective fear of bodily harm could afford a wholesale violation of the statute. When a motorist flees from a genuine threat of physical harm, however, the purpose of the statute is clearly not thwarted.
In the case at bar, defendant’s claim that a hostile crowd had gathered was corroborated by the testimony of defendant’s two friends who had been passengers in the car at the time of the accident. Thus, a genuine issue of fact is raised for the jury.
Under these circumstances, defendant’s request to charge is hereby granted.