*487 OPINION OF THE COURT
John S. Moore, J.
Defendant Christopher Merolla is charged with two counts of leaving the scene of an accident without reporting in violation of Vehicle and Traffic Law § 600 (2) (a). He presently moves pursuant to CPL 170.30 and 170.35 to dismiss on grounds of facial insufficiency. Specifically, defendant contends that the instant accusatory instrument is jurisdictionally insufficient since although it alleges that defendant did knowingly leave the scene of an accident in which he was involved, it also alleges that "after leaving the scene of said accident [he] did return and exhibit license and insurance card to the deponent” police officer. This court disagrees.
In order for an information to be jurisdictionally sufficient, said instrument must allege minimum facts of an evidentiary character (CPL 100.15 [3]) demonstrating reasonable cause to believe defendant committed each element of the crime(s) charged therein (CPL 100.40 [1] [b], [c]; People v Alejandro, 70 NY2d 133, 137 [1987]; People v Dumas, 68 NY2d 729, 731 [1986]).
Vehicle and Traffic Law § 600 (2) (a) provides: "Any person operating a motor vehicle who, knowing or having cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle operated by such person shall, before leaving the place where the said personal injury occurred, stop, exhibit his license and insurance identification card for such vehicle, when such card is required pursuant to articles six and eight of this chapter, and give his name, residence, including street and street number, insurance carrier and insurance identification information including but not limited to the number and effective dates of said individual’s insurance policy and license number, to the injured party, if practical, and also to a police officer, or in the event that no police officer is in the vicinity of the place of said injury, then, he shall report said incident as soon as physically able to the nearest police station or judicial officer. ” (Emphasis added.)
Reference to the instant complaint indicates that, based upon statements allegedly made by defendant to the deponent police officer, defendant returned to the scene of his striking and injuring a Ms. Werkoven while operating a motor vehicle, but only "after leaving the scene of said accident * * * without stopping and exhibiting proper license and insurance *488 identification [or] reporting] said accident to the Police” (emphasis added). Thus, although inartfully drafted, the complaint sufficiently alleges an adequate factual basis to establish the offense of leaving the scene of an accident without reporting, i.e., it combines the alleged acts of defendant’s knowing and culpable causation of personal injury to another person by operation of a motor vehicle, with his leaving the scene of said incident before exhibiting license and insurance identification for such vehicle (Vehicle and Traffic Law § 600 [2] [a]; People v Hager; 124 Misc 2d 123, 127 [Nassau County Ct 1984], affd on other grounds 123 AD2d 329 [2d Dept 1986], affd 69 NY2d 141 [1987]).
Defendant further proffers that a motorist has a reasonable time to report an accident under the prevailing circumstances at the accident scene, and, therefore, the reasonableness of his returning within 10 minutes of leaving the scene negates the sufficiency of the instant complaint. This position is equally erroneous. Any alleged practicality in defendant’s not remaining at the situs of the accident (People v Santangelo, 134 Misc 2d 615, 616-617 [Sup Ct, Kings County 1986] [statute not violated where operator flees accident scene from genuine fear for own bodily safety]), or reasonableness in the length of time between defendant’s leaving and returning to the accident scene to report his involvement (People v Hampton, 22 Misc 2d 432, 433 [Westchester County Ct 1960] [motorist involved in accident required to report to police or judicial officer as soon as physically possible]; People v Leigh, 19 Misc 2d 675, 677 [Mt. Kisco Police Ct 1959] [personally injured operater has reasonable time to report accident under prevailing circumstances]), are factual issues going to defendant’s ultimate guilt or innocence, and as such, are properly left here for determination at time of trial (People v Santangelo, supra, at 617).
Accordingly, as the allegations in the instant complaint establish a prima facie case against defendant, that is, they sufficiently allege minimum facts of an evidentiary character demonstrating reasonable cause to believe defendant committed each element of the crimes charged therein (CPL 100.15 [3] ; 100.40 [1] [b], [c]; [4] [b]; People v Alejandro, supra; People v Dumas, supra), defendant’s motion to dismiss for facial insufficiency is denied and the case is set down for trial.