OPINION OF THE COURT
Denis R. Hurley, J.
INTRODUCTION
On September 16, 1989, two cars collided at a location in Suffolk County, with the occupants of one of the vehicles being seriously injured. The occupant of the other vehicle is the defendant in the present case. Under the captioned indictment, he was charged with leaving the scene of that accident as a felony pursuant to count 1, and driving while intoxicated as a misdemeanor pursuant to count 2. After a jury trial before this court, the verdict was as follows: (a) guilty, count 1, as charged in the indictment; (b) not guilty, count 2, as charged in the indictment; (c) guilty, count 2, to the lesser included offense of driving while impaired.
Now, by written motion and pursuant to CPL article 330, the defendant has made application for an order setting aside that portion of the jury’s verdict which found him guilty under count 1 of leaving the scene, without reporting, in violation of section 600 of the Vehicle and Traffic Law. He has not attacked the jury’s decision under count 2, nor its determination that he was, in fact, the operator of the vehicle. Rather, his claim of error rests solely on the court’s conclusion, and resulting charge to the jury, that the reporting provision of the statute requires a motorist involved in an accident to, inter alla, not merely provide his name, but also his status, i.e., that he was the operator of an involved vehicle.[1]
Although, the defendant — for purposes of this motion — accepts the jury’s determination that he was the operator of one of the two vehicles, a synopsis of what he "reported” at the scene will provide the context for the present discussion.
The proof at trial established that the defendant, when first *325 confronted by a police officer at the accident scene who inquired as to his physical well-being, responded by volunteering that he was "not the driver”. That position was repeated numerous times to different officers, with various degrees of elaboration, and supplemented by the statement that the driver — who he identified as "John, Joe or Jeff” — had fled.
One of the officers then asked the defendant for some general type of identification, which he furnished by displaying his driver’s license. That, defense counsel contends, satisfied the statutory mandate re identification notwithstanding his client’s insistence to the police officers at the scene, and thereafter, that he was a passenger.
ISSUE
Does section 600 of the Vehicle and Traffic Law require a motorist involved in an accident to, inter alla, stop and identify himself as the operator of the vehicle, or does merely providing his name — without impliedly[2] or expressly indicating, or falsely indicating, his status vis-á-vis the accident— constitute compliance with the statutory identification requirements?
DISCUSSION
Reporting Requirements of Section 600 of the Vehicle and Traffic Law
Although the term "incident” is now used throughout the statute, the Legislature has imposed certain duties on "any person operating a motor vehicle” which is involved in what is more commonly referred to as an "accident”. These duties, which are the same whether the accident involves property damage or personal injury, are essentially fourfold: "[1] stop, [2] exhibit his license [3] [exhibit the] insurance identification card for such vehicle * * * and [4] give his name, residence, including street and number, insurance carrier and insurance identification information including the number and effective dates of said individual’s insurance policy” (Vehicle and Traffic Law § 600 [1] [a]; [2] [a] [numbers in brackets supplied]).
Positions of Parties
As to the matter at bar, there is no dispute that the *326 defendant did comply with the first requirement, i.e., that he "stopped”. The testimony at trial demonstrated that he crawled out of the driver’s side window of the severely damaged and disabled vehicle. He subsequently did exhibit his license when asked by a police officer at the scene for some type of general identification. Moreover, the vehicle’s registration and insurance information were retrieved from within the vehicle by police, albeit absent any information, or assistance, provided by the defendant.
The position of the prosecution, however, is that the defendant violated the statute in that he failed to identify himself as the operator of the vehicle at the relevant time, and, in fact, steadfastly maintained both that he was a passenger, and that some other vaguely described individual was at the wheel at the time of impact. To this, the defendant countered during the trial, and now urges in support of the present motion, that by exhibiting his license in response to the officer’s request for some type of identification, he satisfactorily identified himself. He further urges that he was not required to identify' himself as the operator of the vehicle, and that any such interpretation would, in effect, represent an impermissible effort at "judicial legislation”, as well as be violative of the Fifth Amendment’s restriction against self-incrimination.
Analysis of Positions of Parties re Reporting Requirements of Vehicle and Traffic Law § 600
Short shrift may be made of the defendant’s Fifth Amendment claim. It is clearly erroneous, as noted by the Court of Appeals in People v Samuel (29 NY2d 252 [1971]).
But is the first prong of his argument similarly flawed? Did the court place an additional burden on the defendant beyond those embodied in Vehicle and Traffic Law § 600?
Granted, a perusal of the section discloses the absence of the clause "identify himself as the operator”.[3] Moreover, neither the court, nor either counsel, were able to uncover a case directly on point. Yet, a reading of the statute as a whole indicates that the People’s position is sound. That conclusion *327 is reinforced by a review of the various cases which have explained the purpose of the legislation, and how the reporting methodology is related thereto.
Let us first consider the statute itself. Its reporting and identification provisions pertain solely to "[a]ny person operating a motor vehicle”. (Vehicle and Traffic Law § 600 [emphasis supplied].) The statutory responsibilities are not triggered unless an individual falls within that category. As a driver, the defendant was required to identify himself, otherwise not. Identify himself — as what? As a driver, obviously — not as a passenger, not as, hypothetically speaking, a nonparticipant witness, or simply a concerned citizen, for such persons are not within the ambit of the statute. Stated somewhat differently, the defendant may not legitimately claim compliance, while at the same time — both at the scene of the accident and now — denying the statute’s applicability to him as a purported nondriver. Such a strained interpretation violates both logic, and the plain meaning of the legislation derived from reading the section as a whole.
The correctness of the People’s position is further evidenced by an analysis of the section’s history. At this point, it is axiomatic that the purpose of the legislation is to prevent negligent motorists from attempting to evade any civil or criminal consequences which may result from the accident. (See, e.g., Campbell v Westmoreland Farm, 270 F Supp 188, 191 [ED NY 1967] ["The purpose of the section is to prevent negligent motorists from seeking to evade civil or criminal consequences by leaving the scene without making the required report including their identification * * * and its mandate is applicable to both motorists who are as well as those who are not at fault for the accident”]; People v Hampton, 22 Misc 2d 432 [Westchester County Ct I960]; People v Wenceslao, 69 Misc 2d 160 [Crim Ct, Kings County 1972], revd on other grounds sub nom. People v Marzulli, 76 Misc 2d 971 [App Term, 2d Dept 1973]; People v Leigh, 19 Misc 2d 675 [Police Ct, Vil of Mount Kisco (1959)].) Indeed, the statute’s purpose has been held to be "obvious” in that it serves to " 'enable those in any way injured by the operation of an automobile upon a public way to obtain forthwith accurate information as to the person in charge of the automobile. ’ ” (People v Chusid, 172 Misc 492, 493 [Middletown City Ct 1939] [emphasis supplied].)
That being the statute’s purpose, the focus then shifts to the analysis of what is required for its accomplishment. In this *328 regard, it bears noting that courts which have marshaled the elements of the offense have done so in the conjunctive. For example, in People v Samuel (29 NY2d 252, 258 [1971], supra), a unanimous court opined that: "Section 600 of the Vehicle and Traffic Law requires every motor vehicle operator, whether culpable or not, involved in an accident causing property damage or personal injury, to remain at the scene of the accident, exhibit his license, and identify himself to the party sustaining damage and, in the case of a personal injury, to a police officer.”
In People v Pacos (122 NYS2d 560, 562 [Chautauqua County Ct 1953]), the court held that: "To be guilty of the charge it must appear beyond a reasonable doubt that the accused, Pacos, (1) knew at the time that his car had struck Morganti; (2) that the striking was either due to his fault or to accident, and (3) that he, Pacos, left the scene without stopping, without exhibiting his license, and without giving his name, residence, and license number to the injured one or to a police officer if present.” (Emphasis in original.)
It is also worth noting that what might, at first blush, seem to be two redundant requirements (viz., exhibiting a license, followed by identifying oneself and one’s address) are apparently independently required. As was observed in People v Chusid (supra), it does not always follow that the residence reflected upon the license is the same as at the time of the incident. Moreover, and although "it may be reasonably urged that normally the effect of exhibiting the license is actually the giving of the name, residence, etc., nevertheless the law does seem to require both, i.e., the exhibition of the license and the giving of the necessary information.” (Supra, at 493.) It is interesting to note that the defendant in Chusid was convicted, following a bench trial, of violating a predecessor statute to Vehicle and Traffic Law § 600, even though he offered to exhibit his operator’s license at the scene of the accident. In the view of the Trial Judge, however, that act was insufficient compliance with the statutory directive that he also provide his name and current residence.[4]
The defendant’s interpretation in the present case of what *329 section 600 required of him (viz., identification), and did not require of him (viz., acknowledgment of operation) is at odds not only with the plain meaning of statute read as a whole, but also with the purpose underlying its enactment as above explained. Additionally, People v Samuel, People v Pacos, and People v Chusid (all supra) indicate the nonseverability of the concepts of "operation” and "identification” for purposes of the statute.
Defendant, by Denying That He was an Operator Under the Concomitant Circumstances in This Case, Violated the Reporting Requirements of Vehicle and Traffic Law § 600
The defendant’s insistence that he complied with section 600 of the Vehicle and Traffic Law, notwithstanding his denial of operation, defies logic. "Compliance” and "nonapplicability” are antithetical concepts, for the statute imposes obligations only on persons "operating a motor vehicle”.
While the defendant did not leave the scene immediately after the accident, and while much, if not all, of the information that a motorist is required to furnish was ultimately, and largely independently, obtained by the police — that does not end the inquiry. The statute makes criminal the act of leaving the scene — immediately or otherwise — without complying with its reporting provisions. And this, the defendant did. He has never, expressly or by implication, acknowledged what the jury hearing his case concluded, viz., that he was the operator of one of the two cars involved in the head-on collision. By claiming that he was not the driver, and by leaving the scene maintaining that position, he violated the reporting requirements of section 600 of the Vehicle and Traffic Law.
The People not only made out a prima facie showing of his culpability under count l,[5] but also established his guilt beyond a reasonable doubt based upon all of the evidence. And, as shall be discussed in a moment, the court’s charge *330 was appropriate, and did not add an element to the statute, as claimed by the defense.
Court’s Charge
Lastly remains the defendant’s contention in his motion papers that the court’s jury charge was improper in that, by including the phrase "identify himself as the operator”, the applicable law was changed by inserting "an additional element to the crime”.
With respect to this argument, the court initially notes that it is, by statute, required to "state the material legal principles applicable to the particular case, and, so far as practicable, explain the application of the law to the facts” (CPL 300.10 [2] [emphasis supplied]). The statute also requires that "[i]n its charge, the court must define each offense” (CPL 300.10 [4] [emphasis supplied]). There is, however, no requirement that a court merely recite, verbatim, the codified version of an offense.
Acknowledgment of operation, expressly or by implication, is the threshold element of section 600 of the Vehicle and Traffic Law. Indeed, the identification of the driver or drivers involved in an accident, which results in property damage or personal injury, is the purpose of the legislation. These observations are matters of law, not fact. Accordingly, simply reading the statute, or Pattern Jury Instruction to the jury would have been inappropriate, given the unusual circumstances involved in this case. The court had an obligation to dovetail its instructions to the facts as developed during the course of the trial, including the defendant’s disclaimer of operation.
It is also worth noting that this statute, unlike the majority of criminal laws, is triggered by the actor’s omission of required conduct. That being the case, the statutorily imposed and applicable acts were required to be placed before the jurors as part of their instructions. In this regard, the court did not add an element to the statute; rather, it explained to the jury that one of the statutory obligations placed on a motorist involved in an accident resulting in personal injury, is that he acknowledge, in identifying himself to the other driver and/or police officer, that he was the operator of the vehicle.
Finally, the court finds the defendant’s reliance upon the New York Criminal Jury Instructions to be without merit, at *331 least to the extent that he urges that the charge to the jury should have mirrored the instruction re section 600 of the Vehicle and Traffic Law contained therein.[6] That publication is, of course, beyond peradventure, a scholarly work by eminent members of the Bench, as well as the Bar. It is also, of course, of great assistance to the court and the profession and has often been cited with approval by the Court of Appeals.[7] It is, however, at best persuasive authority which is qualified by the fact that its charges have occasionally received constructive criticism.[8] And, in any event, it must be supplemented, or adjusted, in those instances where a particular fact pattern— such as the one at bar — gives rise to issues not covered by its text.
CONCLUSION
For the reasons above stated, the defendant’s motions to set aside the jury’s verdict as to count 1, and to dismiss that count for failure to make out a prima facie case, are denied in toto.

. Typically, a motorist impliedly acknowledges "operation” upon the exchange of information and documentation following an accident, for the section only pertains to operators. Under such circumstances, obviously an expressed declaration of operation is not required. However, here, such an implicit acknowledgment does not exist, given the defendant’s insistence — as shall be detailed subsequently — that he was a passenger, and not the driver of the vehicle.

. See, n 1, supra.

. Indeed, neither the word "identify” nor "identification” is to be found in the section (except in the phrase "insurance identification card”); however the defendant acknowledges in his motion papers that he had to identify himself at the scene, but does not indicate as what — i.e., in his view, furnishing his name alone sufficed, even though coupled with a false statement of status.

. Parenthetically, if an operator’s current residence was the same as that listed on his license, a plausible argument certainly could be made that the furnishing of the license satisfied both requirements. Under such circumstances, the operator — by tendering his license and remaining silent — would seem to imply that the information set forth on his driver’s license was accurate as of that date.

. At the conclusion of the People’s direct case, the court reserved decision, pursuant to CPL 290.10 (1) (b), on the defendant’s motion to dismiss count 1 for failure to make out a prima facie case. The thrust of the defendant’s argument at the time was the same as the one upon which he now seeks a vacatur of his conviction under that count. For the reasons embodied in the main text of this decision, that motion is hereby denied at this time.

. Parenthetically, the CJI charge submitted as defendant’s exhibit A, and identical to that contained within CJI (3 CJI[NY] V&T L § 600 [2], at 2325-2328), contains a definition which misstates the current law by adding "culpability” for the injury as an element. That error is also repeated in the charge’s fourth element, "That such injury was caused by defendant’s culpability in the operation of said motor vehicle or to said accident.” (Emphasis supplied.) The genesis of this additional element is obviously the verbiage contained in the prior statute. That language has since been deleted and "an incident involving the motor vehicle operated by such person” has been substituted. (L 1986, ch 599, §§ 1, 2 [eff July 24, 1986].)

. See, e.g., People v Ford, 66 NY2d 428 (1985).

. See, e.g., People v Boettcher, 69 NY2d 174 (1987); People v Ottomanelli, 107 AD2d 212 (2d Dept 1985).