■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MULLADY, Appellant.—Appeal by the defendant, as limited by his brief, from so much of a judgment of the County Court, Suffolk County (Hurley, J.), rendered January 15, 1991, as convicted him of leaving the scene of an incident without reporting, in violation of Vehicle and Traffic Law § 600 (2) (a), upon a jury verdict, and imposed sentence on that count.

Ordered that the judgment is reversed insofar as appealed from, on the law, the sentence imposed under count one of Indictment Number 2075/89 is vacated, and that count of the indictment is dismissed.

We agree with the defendant's contention that his conviction for leaving the scene of an incident without reporting is without legal basis. Vehicle and Traffic Law § 600 (2) (a) provides that an operator of a motor vehicle involved in an accident which he knows or should have known resulted in personal injury to another must stop and exhibit his driver's license, insurance information, and place of residence to the injured party or to a police officer, if possible. It is uncontroverted that the defendant complied with the foregoing statutory requirements. The only piece of information not disclosed by the defendant to the police at the scene of the accident was his status as the driver of the car. The defendant has maintained throughout this action that he was in fact a passenger and that the driver of the car fled immediately following the accident.

Regardless of whether or not the People established that the

defendant was the driver of the car at the time of the accident, we find, as a matter of law, that he could not be found guilty of leaving the scene of an incident without reporting based solely upon his failure to identify himself as the driver. Although requiring such information would not be violative of the defendant's Fifth Amendment right against self-incrimination *(see, People v Samuel,* 29 NY2d 252), Vehicle and Traffic Law § 600 (2) (a) places no affirmative obligation upon a driver of a motor vehicle to identify himself as the driver *(see, People v Rosenheimer,* 209 NY 115; *People v Pacos,* 122 NYS2d 560). Therefore, a person involved in a motor vehicle accident who provides all of the statutorily-mandated information to police at the scene, but who maintains that he was not an operator of a vehicle involved, is not subject to prosecution for leaving the scene of an incident without reporting. Thompson, J. P., Bracken, Harwood and Miller, JJ., concur. *[See,* 149 Misc 2d 323.]