OPINION OF THE COURT
Bernard S. Greenbaum, J.
The defendant is charged with leaving the scene of an incident without reporting in violation of Vehicle and Traffic Law § 600 (2) (a).
After a two-day bench trial in which several witnesses were heard, this court issues the following verdict on the issues of fact and conclusions of law:
FACTS
On Friday, July 19, 1992, at approximately 11:00 p.m., the defendant driver and a companion were driving in the area of Rosedale, Queens County. Apparently lost, they asked for directions of another motorist, a 19-year-old female, whom defendant flirted with. After being given directions, the defendant proceeded to drive in the opposite direction that he was advised to take. And, in driving that direction, defendant struck a labrador puppy.
The owner of the puppy, the complaining witness herein, angrily shouted at the defendant, who then immediately took off and proceeded down a road, which turned out to be a dead end. The complaining witness was now joined by several of his friends and a scuffle ensued between the complaining witness and defendant. Defendant attempted to flee by making a broken U-turn and proceeding into an adjoining alleyway from which he started to back out. The complaining witness then gave chase and claimed that while defendant’s vehicle was backing out of the alleyway, his pants were caught in the vehicle’s fender (no specific location was given as to whether it was the front or the rear) and the complaining witness injured his leg when it was scraped against a brick fence or wall.
There was much shouting and the complaining witness yelled out that he was hit. Bricks were then thrown against defendant’s vehicle, breaking its driver’s side window and causing other damages amounting to approximately $3,000, as stipulated.
The defendant left the scene and the complaining witness ran across the street, got into his own car, and gave pursuit during which he obtained the license plate number of defen *147 dant’s vehicle. The complaining witness then returned home where an ambulance was summoned to take him to a hospital. There, he was examined for a possible leg fracture. However, the radiology report, which was admitted into evidence, showed no fracture.
Complaining witness went back to work on the following Monday, July 22. Also on the same day, the 19-year-old female motorist, Ms. D. (the girlfriend of a cousin of the complaining witness and who was also among the complaining witness’ group on the night of incident), spoke to the police and reported a hit-and-run accident. The police officer, a Detective DeLuca, spoke to Ms. D. only and she advised him that the complaining witness sustained a fracture. Based upon this information, Detective DeLuca traced the license plate number and found the vehicle belonged to the defendant. The detective then testified he telephoned the defendant and asked defendant whether he was involved in an automobile incident on July 19. Defendant acknowledged that he was, and when asked why he did not report it to the police, defendant responded by stating that he did not believe he had to report an automobile accident involving a dog, which he readily admitted to over the phone. When the detective advised defendant that he had also hit the complaining witness, defendant stated that he had no knowledge that he struck any person. Defendant voluntarily surrendered to the detective, later in that day, for leaving the scene of an accident involving injury to a person under Vehicle and Traffic Law § 600 (2) (a). The complaint and subsequent information contained no charge as to the dog.
Besides Detective DeLuca and the complaining witness the People called Ms. D. and her boyfriend, the cousin. The two accounts of the Friday night incident were consistent with that of the complaining witness. The defendant called only one witness, his passenger that night, who testified that the defendant did strike a dog, that they drove into an alleyway and attempted a U-turn, that rocks and cinder blocks were thrown at them at the time, and that he heard no one yell that someone had been struck by a car. Passenger believed that they had hit only the dog, and that immediately thereafter, the complaining witness pursued them in his car. The defendant did not testify on his own behalf.
CONCLUSION OF LAW
This court finds the testimony of all the witnesses to be *148 credible. However, the People acknowledge that People v Santangelo (134 Misc 2d 615) is applicable because Vehicle and Traffic Law § 600 (2) requires the driver to stop only "if practical.” In this case, the People concede, with the testimony of defendant’s witness, the passenger, and of their own credible witnesses, that rocks and cinder blocks were thrown against defendant’s vehicle, person and passenger. Under such circumstances, this court finds that it was not "practical” for the defendant to stop and exchange the required documentation with the injured complaining witness. However, this court disagrees with defendant’s position that defendant had no other legal obligation because Vehicle and Traffic Law § 600 (2) (a) provides a further condition that the driver of the vehicle must, as soon as he is able to, report the incident to the "nearest police station or judicial officer.” This, admittedly, the defendant failed to do. However, the same section also provides that the defendant must have "know[ledge] or hav[e reason] to know” that he caused personal injury arising from an incident involving a motor vehicle he operated. The complaining witness’ own statement was that he had struck defendant or pulled defendant’s hair before defendant’s vehicle made the U-turn and was struck by defendant’s vehicle. The People’s other witnesses did not see how the complaining witness was struck, and the complaining witness testified that his pants were caught in the fender on the passenger’s side of defendant’s vehicle and his foot scraped against the wall. The complaining witness did not state that he saw the driver except to state that he yelled out "you hit me.” Then, the complaining witness proceeded to run to his car and gave chase.
Where two inferences can be drawn, one of guilt and one of innocence, the court must give weight to the innocent inference. The words "you hit me” without adding any additional factor that the striking was done by the car could have referred to the prior fighting. The complaining witness testified that the incident of the vehicle striking him took only a matter of seconds. That subsequently, the complaining witness was able to run to his vehicle and give chase to the defendant’s vehicle. The nature of the injuries sustained being only scrapes, plus the statement of the defendant to the detective (although self-serving) altogether cumulatively created a reasonable doubt. Therefore, this court finds the defendant "not guilty.”