■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS TUNSTALL, Appellant. [630 NYS2d 790] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered June 30, 1992, convicting him of obstructing governmental administration in the second degree (two counts), failure to report an accident, and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the sentences imposed upon the convictions for obstructing governmental administration in the second degree (two counts) and leaving the scene of an incident without reporting, are vacated, those counts of the indictment are dismissed, and a new trial is ordered on that count of the indictment charging the defendant with failure to report an accident.

The People conceded at oral argument that the two counts of obstructing governmental administration must be dismissed. The count charging the defendant with leaving the scene of an incident without reporting must also be dismissed *(see, People v Mullady,* 178 AD2d 614).

The trial court improperly precluded defense counsel from questioning defense witnesses as to the defendant's reputation for honesty. Under the circumstances of this case, we cannot conclude that such error was harmless and, accordingly, we order a new trial with respect to the failure to report an accident count. Rosenblatt, J. P., Copertino, Hart and Friedmann, JJ., concur.