LONG, Presiding Judge.
The petitioner, J.Z.S., filed this petition for a writ of mandamus requesting that we direct Judge L. Scott Coogler, circuit judge for the Sixth Judicial Circuit, to transfer J.Z.S.’s case to the juvenile court. This case has a long and convoluted procedural history. In August 1998, J.Z.S. was indicted for leaving the scene of an accident that had resulted in injury to another person, a violation of § 32-10-2, Ala.Code 1975.[1] J.Z.S. was 17 years old at the time *1222 of the accident. J.Z.S. moved that his case in the circuit court be dismissed, arguing that the circuit court lacked jurisdiction because he was a juvenile. At that time the State filed a response supporting J.Z.S.’s motion. Judge Gay M. Lake transferred the case to the juvenile court. Judge Herschel T. Hammer, presiding over the case in juvenile court, transferred the case back to the circuit court, stating in his order that J.Z.S. had been charged with the “traffic offense,” i.e., leaving the scene of an accident resulting in injury, and that, pursuant to § 12-15-1(8), the juvenile court had no authority over the case. J.Z.S. again moved that his case be dismissed, again arguing that the circuit court lacked jurisdiction. Judge Coogler held a hearing on the motion; he then transferred the case to the juvenile court. Judge Hamner again refused to accept jurisdiction. Judge Coogler requested that the parties brief the issue of jurisdiction. After the briefs were filed, Judge Coogler ruled that leaving the scene of an accident that had resulted in injury to another person was not a traffic offense and that jurisdiction was proper in the juvenile court. Judge Philip N. Lisenby, presiding over the case in juvenile court, transferred the case back to the circuit court, citing in his order Op. Att. Gen. 139 (1995), which specifically addressed the question and concluded that leaving the scene of an accident involving injury was a traffic offense, and that, therefore, if committed by a juvenile 16 years of age or older, the act was excluded from the jurisdiction of the juvenile court. J.Z.S. once again moved to dismiss the case for lack of jurisdiction. Judge Coogler did not rule on this third motion to dismiss but did reinstate the case to the active docket of the Circuit Court of Tuscaloosa County. This petition followed.
Initially, we must determine if a petition for a writ of mandamus is the appropriate vehicle by which to review Judge Coogler’s ruling. As the Alabama Supreme Court stated in Ex parte Nice, 407 So.2d 874, 877 (Ala.1981), “Mandamus cannot be used as a substitute for appeal, when no appeal is authorized by law or court rule, but mandamus can be used to prevent a gross disruption in the administration of criminal justice.” This case presents a rare situation, as is clearly evidenced by the procedural history of the case, where “a gross disruption in the administration of criminal justice” will occur if this issue is not reviewed by mandamus petition. See Ex parte Spears, 621 So.2d 1255 (Ala.1993).
Before a writ of mandamus may be issued, four prerequisites must be satisfied. There must be 1) a clear legal right in the petitioner to the relief sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) no adequate remedy at law; and 4) the properly invoked jurisdiction of the reviewing court. State v. Williams, 679 So.2d 275 (Ala.Cr.App.1996).
J.Z.S. argues that the juvenile court has exclusive jurisdiction of the case because he was 17 years old at the time of the accident. The State contends that this case should be tried in the circuit court because leaving the scene of an accident involving injury to another person is a *1223 traffic offense and if the offender is 16 years of age or older, the offense is specifically excluded from the jurisdiction of the juvenile court. See § 12-15-1(8). It cites Op. Att. Gen. 139 (1995) in support of this contention.
A child is defined in § 12-15-1(3) as “an individual under the age of 18, or under 19 years of age and before the juvenile court for a matter arising before that individual’s 18th birthday.” The juvenile court has jurisdiction of proceedings “in which a child is alleged to be delinquent, dependent, or in need of supervision.” Section 12-15-30(a), Ala.Code 1975. A delinquent act is defined in 12-15-1(8), as follows:
“An act committed by a child that is designated a violation, misdemeanor, or felony offense under the law of this state or of another state if the act occurred in another state or under federal law or a violation of a municipal ordinance except violations of municipal curfew ordinances. The term, shall not include traffic offenses committed by one 16 years of age or older, other than those charged pursuant to Section 32-5A-191 [driving under the influence] or a municipal ordinance prohibiting the same conduct. Additionally, the term shall not include any criminal act, offense, or violation committed by a child who has previously been transferred for criminal prosecution pursuant to Section 12-15-34 and convicted or adjudicated a youthful offender on the criminal charge.”
(Emphasis added.)[2]
As quoted above, traffic offenses, with the exception of offenses for driving under the influence, are not classified as delinquent acts under § 12-15-1(8). Thus, the question before us becomes — does § 32-10-2 set out a traffic offense? Section 32-10-2[3] states:
“The driver of any motor vehicle involved in an accident resulting in injury to or the death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving, shall upon request exhibit his driver’s license to the person struck or the driver or occupant of or person attending any motor or other vehicle collided with or damaged and shall render to any person injured in such accident reasonable assistance, including the transportation of, or the making of arrangements for the transportation of such person to a physician or hospital for medical or surgical treat- *1224 merit if it is apparent that such treatment is necessary or if such transportation is requested by the injured person.”
The offense defined at § 32-10-2 is commonly referred to as “leaving the scene of an accident with injury.” Fretwell v. State, 414 So.2d 1012 (Ala.Cr.App.1982). This statute is part of Chapter 10 — “Motor Vehicle Accidents” — of Title 32 — “Motor Vehicles and Traffic” — of the Alabama Code of 1975. This statute was part of the recodification of the Alabama Code in 1975; thus the placement of the statute itself is some indication that the Legislature intended that this statute be a traffic offense.
This Court has never stated that leaving the scene of an accident that has resulted in injury to another is a traffic offense. We have stated that driving under the influence is a traffic offense, see Wright v. State, 494 So.2d 177 (Ala.Cr.App.1986), and that improper signaling is a traffic offense, see Smith v. State, 606 So.2d 174 (Ala.Cr.App.1992). Common sense would dictate that leaving the scene of an accident with injury is also a traffic offense.
“Traffic” is defined in § 32-1-1.1(74) as “[pledestrians, ridden or herded animals, vehicles, streetcars and other conveyances either singly or together while using any highway for purposes of travel.” Though the term “traffic offense” is not specifically defined in Chapter 15, “Juvenile Proceedings,” of Title 12, or in Title 32, the term “traffic infraction” is defined in § 12-12-50. That section states that a traffic infraction is “any violation of a statute, ordinance or regulation relating to the operation or use of motor or other vehicles or the use of streets and highways by pedestrians.” This definition in § 12-12-50 appears in Article 3, entitled “Traffic Offenses.” We believe that the terms “traffic infraction” and “traffic offense” have similar meanings.
The attorney general directly addressed this issue in an opinion issued in response to a question submitted by the district attorney for the Tenth Judicial Circuit. See Op. Att. Gen. 139 (1995). The attorney general was asked whether leaving the scene of an accident resulting in injury to another, when the offense is committed by a juvenile 16 years or older, is excluded from the definition of “delinquent act” in § 12-15-1(8). The opinion stated, in part:
“Section 12-15-1(8), set out above, excludes from the definition of a ‘delinquent act’ traffic offenses committed by persons 16 years old or older. Clearly, the failure of a driver of a motor vehicle to perform one of the duties of drivers of motor vehicles involved in accidents is a ‘traffic offense’ as that term is used in Code of Alabama 1975, § 12-15-1(8).
[[Image here]]
“A violation of Code of Alabama 1975, §§ 32-10-1 through 32-10-5 is a traffic offense and when committed by one 16 years of age or older is not a delinquent act within the jurisdiction of the juvenile court.”
“While opinions of the Attorney General are advisory in nature they are, nevertheless, entitled to great weight.” Associated Industries of Alabama, Inc. v. State, 55 Ala.App. 277, 314 So.2d 879 (Ala.Cr.App.), cert. denied, 294 Ala. 281, 314 So.2d 901 (Ala.1975).
We agree with the decision reached by the attorney general and the reasoning it used in reaching that decision. “[T]he failure of a driver of a motor vehicle to perform one of the duties of drivers of motor *1225 vehicles involved in accidents is a ‘traffic offense’ as that term is used in Code of Alabama 1975, § 12-15-1(8).”
We hold that leaving the scene of an accident with injury is a “traffic offense” as that term is used in § 12-15-1(8).[4] Our holding is in keeping with the wording of § 32-10-2 and the definition of “traffic” in § 32-1-1.1(74). We also find support for our conclusion in Alabama caselaw that holds juveniles to the same standard of care as adults when they engage in adult activity. “Under Alabama law, a minor conducting an ‘adult activity’ is required to exercise the same degree of care as an adult.” Lemond Constr. Co. v. Wheeler, 669 So.2d 855 (Ala.1995), cert. denied, 516 U.S. 1146, 116 S.Ct. 1017, 134 L.Ed.2d 97 (1996), citing Gunnells v. Dethrage, 366 So.2d 1104 (Ala.1979) (“This court in Tindell v. Guy, 243 Ala. 535, 10 So.2d 862 (1942), held a person using a highway has the right to assume without facts warning him otherwise, that other persons using the public highways will do so in a lawful manner. There is no room on the highways for multiple standards of conduct.”).
If our holding is in conflict with the Legislature’s intent in adopting the “traffic-offense” exception to a delinquent act in § 12-15-1(8), we invite the Legislature to amend this statute.
J.Z.S. has failed to establish the prerequisites for the issuance of a petition for a writ of mandamus. For the foregoing reasons, this petition for a writ of mandamus is due to be, and is hereby, denied.
PETITION DENIED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.

. The indictment returned against J.Z.S. read as follows:
"The Grand Jury of said County charge that before the finding of this indictment, J.Z.S., ... whose name is unknown to the Grand Jury other than as stated, being the driver of a motor vehicle, upon a public street or highway of the State of Alabama involved in an accident resulting in injury to another person, to-wit: John Mason and/or Ruth Mason, did fail to immediately stop his said vehicle, and give his name and *1222 address and the registration license number of his said vehicle, and did fail to render to the said John Mason, the person injured in said accident, reasonable assistance, including the carrying of such person injured to a physician or surgeon for medical or surgical treatment, it being apparent that such treatment was necessary, or was requested by such injured person, or did not stop vehicle at the scene of said accident, in violation of Section 32-10-2 of the Code of Alabama.”

. When the Juvenile Justice Act became law in 1977, a "delinquent act” was defined as:
"An act designated a crime under the law of this state, or of another state if the act occurred in another state, or under federal law, or a violation of a municipal ordinance; however, traffic offenses committed by one 16 years of age or older shall be excepted unless transferred to the juvenile court by the court having jurisdiction.
This definition was changed in 1990 to reflect the current definition of delinquent act. It was changed again in 1997 and 1998. We believe that the 1990 change in definition may be the cause of some of the confusion in this case.

. Section 32-10-6 provides the punishment for violating §§ 32-10-1 through -5. This section states:
"Every person convicted of violating Sections 32-10-1 through 32-10-5 or any of the provisions thereof, when such violation involved only damage to property, shall be punished the same as prescribed by law for a Class A misdemeanor; provided, however, that every person convicted of violating such sections, or any provisions thereof, when such violation involved death or personal injury, shall be punished the same as prescribed by law for a Class C felony.”

. Other jurisdictions have referred to leaving the scene of an accident as a traffic offense. See State v. Rodriguez, 294 N.J.Super. 129, 682 A.2d 764 (1996); Commonwealth v. Verticelli, 451 Pa.Super. 22, 678 A.2d 379 (1996), appeal granted, 546 Pa. 679, 686 A.2d 1310 (1996), aff'd in part, rev'd in part, 550 Pa. 435, 706 A.2d 820 (1998); People v. Martinez, 211 Mich.App. 147, 535 N.W.2d 236 (1995), appeal denied, 451 Mich. 852, 546 N.W.2d 254 (1996); State v. Riedl, 15 Kan.App.2d 326, 807 P.2d 697 (1991); People v. Merolla, 141 Misc.2d 486, 533 N.Y.S.2d 836 (1988); State v. Chasteen, 21 Ohio App.3d 87, 486 N.E.2d 252 (1984).